## Patterson *v.* Union Transfer Company, Appellant.

*Carriers—Loss of baggage — Measure of damages — Value to owner.*

In an action of trespass to recover damages for the loss of a trunk containing personal property the measure of damages is the value of the goods lost to the owner, and not the owner's valuation thereof. "Owner's valuation" and "real value to the owner" are not convertible terms. Where there is no market value, the true measure of damages is the actual value to the owner, not any fanciful or imaginary value, but the value of the articles in money to him.

*Practice, C. P.—Statement of claim—Practice Act, section 21.*

If a defendant is of the opinion that the averments of the statement do not "conform to the provisions" of the Practice Act of May 14, 1915, P. L. 483, the proper course is to move to strike off the statement, as provided by section 21 of the act. If the statement is not sufficiently specific, the defendant should take a rule for a more specific statement, and follow this with a motion for a non pros, if the court made the rule absolute and its order is not obeyed.

Argued November 12, 1924.  Appeal, No. 190, Oct. T., 1924, by defendant, from the judgment of the Municipal Court of Philadelphia, Oct. T., 1923, No. 48, on verdict for plaintiff, in the case of Lillian Patterson v. Union Transfer Company.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Trespass for damages for loss of the contents of a trunk.  Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,464 and judgment thereon.  Defendant appealed.

*Errors assigned* were refusal of defendant's motion to strike off statement of claim and refusal of defendant's motion for a new trial.

*M. L. Barrett, Jr.,* and with him *R. W. Archbald, Jr.,* for appellant.—The defendant was entitled to know before the trial what articles were in the trunk and their value: Frick & Lindsey Co. v. Kent and Kerwin, 265 Pa. 264; King et al. v. Brillhart, 271 Pa. 301; Long v. McAllister, 275 Pa. 34; Bollinger v. Greenaway, Jr., 3 D. & C. 312; Levenite v. Homsher, 4 D. & C. 584; Phila. Storage Battery Co. v. Air Reduction Sales Co., 274 Fed. Rep. 216.

The owner's valuation is not the best evidence of the value of the personal property: Lloyd v. Haugh, 223 Pa. 148, and Hofford v. R. R. Co., 43 Pa. Superior Ct. 303.

*Grover C. Ladner,* of *Ladner & Ladner,* for appellee, cited: Pittsburgh Coal Co. v. Cook, 219 Pa. 539; Angelichio v. Director General, 81 Pa. Superior Ct. 393; Howard v. American Express Co., 47 Pa. Superior Ct. 416.

OPINION BY PORTER, J., February 27, 1925:

The plaintiff in this action of trespass seeks to recover for the loss of a trunk and its contents, which the defendant, a common carrier, undertook to transport for hire. She recovered a verdict and judgment in the court below and the defendant appeals.

The statement of plaintiff's cause of action averred that the contents of the trunk "consisted of ladies wearing apparel, toilet articles, engravings, interior decorations, and other goods, which together with the value of the trunk aggregated the value of $2,500." The defendant moved to strike off the statement for the reason that it "does not set forth in the statement an itemized list of the articles alleged to have been lost, with their respective values at that time"; upon which motion the court granted a rule to show cause, which upon hearing it discharged, and the defendant thereupon filed an affidavit of defense. The first assignment of error refers to the refusal of the court to strike off the statement. If the appellant was of opinion that the averments of the statement did not "conform to the provisions" of the Practice Act of May 14, 1915, P. L. 483, the proper practice was to move to strike off the statement, as provided by section 21. In the present case, however, it is not clear that the statement did not conform to the provisions of the act. If the statement was not sufficiently specific, the defendant "should have taken a rule for a more specific statement, and followed this with a motion for a non pros, if the court made his rule absolute and its order was not complied with": Franklin Sugar R. Co. v. Lykens M. Co., 274 Pa. 206. The defendant did not in the present case take a rule for a more specific statement

and we are not called upon to decide whether such a rule, if it had been taken, ought to have been made absolute. The first specification of error is overruled.

The majority of the articles contained in the trunk were wearing apparel, which had been used by the plaintiff. Many of the articles were of such a character that their market value could not compensate for their loss. It cannot be said they had no market value in the open market since at public auction they must likely have brought something, but manifestly the price they would have commanded would not represent their value to the owner. "Where this is the case the just rule of damages is the actual value of the thing destroyed (or lost) to him who owns it, taking into account its cost, the practicability and expense of replacing it, and such other considerations as in the particular case affect its value to the owner": Lloyd v. Haugh, 223 Pa. 148. The learned judge of the court below in his charge to the jury used the following language: "Now, what would be the best evidence of the value of personal property that she personally was the owner of? It would be the owner's valuation." The defendant took an exception to this portion of the charge and it is the subject of the second assignment of error. We are of opinion that the learned judge here fell into error, in view of the evidence in the case to which the law as thus stated was to be applied. The learned judge undoubtedly had in mind the rule that the measure of damages for the loss of such property as here involved was the value to the owner, rather than the amount for which it could have been sold to a dealer in second-hand clothing. The owner's valuation, however, and the real value to the owner are not convertible terms. Many persons, perhaps a majority, overestimate the value of their own personal property. In the present case the plaintiff testified to the correctness of a list which she had made of the articles contained in the trunk and the value of such articles to her, which list was sent out with the jury and they returned

a verdict for the exact amount so claimed. Her oral testimony disclosed that the valuation which she put upon some of the articles was precisely the same as that which they had cost long before the loss, during which time she had used them. One dress she had bought at Wanamaker's three years before the loss and it had then cost her $55, but the valuation which she placed upon it was $75, which amount the jury allowed. For another dress which she had bought at the same store six months before it was placed in the trunk, and in the meantime had used, she had paid $55 and upon this she also placed a value of $75, and the jury accepted that valuation by their verdict. It thus appears that the jury rendered a verdict which would permit the plaintiff to recover for clothing which had been worn for a considerable period more than it originally cost her when she bought in the regular course of business. This was no doubt due to the fact that the jury had been instructed, as matter of law, that the best evidence of the value of the property was the owner's valuation. The recognized rule in Pennsylvania was thus stated in Lloyd v. Haugh, 223 Pa. 148: "As for the goods of a personal nature, such as wearing apparel, and other goods and effects of a personal nature, and which have no market value—and there seems to have been a great many of that kind here—as to those that have no market value, the rule which you will follow is their value to the plaintiffs, not any fanciful or imaginary value they may have put on the articles as may be of worth to them only, but what is the value of these articles in money to them—not any valuation outside of their money value." The original cost of the articles, the extent and character of the use to which they have been subjected and such other considerations as in the particular case affect the value to the owner, are in all the cases recognized as elements which must be considered. The effect of changes in style might be much greater with regard to some articles than with others, the popularity of which is less likely to sud-

denly change. Some articles may awaken very pleasant memories and the owner may for that reason prize them very highly, but that does not increase their money value to him, nor the amount which he would be entitled to recover in case of their loss. The second assignment of error is sustained.

The case must go back to the court below for a new trial and it is not necessary to consider the assignments of error referring to the refusal of a new trial by the court below.

The judgment is reversed and a new trial awarded.