Mladjen *v.* Karfunkle and Abrams, Appellants.

Argued October 8, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Milford M. Tinsley,* for appellant.

*Abraham Wernick,* for appellee.

Opinion by Trexler, P. J., January 28, 1932:

The plaintiff, in 1925, instituted suit against the defendants, a landlord and a constable, to recover damages for an illegal distress and sale of his chattels and for unlawful eviction. This is the second time the case appears in our court, we having granted a new trial in the former appeal (Mladjen v. Karfunkle and Abrams, 100 Pa. Superior Ct. 192). At the second trial, the verdict was in favor of the plaintiff and the defendants appealed.

The first question submitted is: (1) Was it an abuse of discretion for the lower court to refuse a new trial? It was alleged that there was after-discovered testimony which contradicted the plaintiff and that the uncontroverted proof now disclosed by depositions shows that the plaintiff swore falsely. This branch of the case might be disposed of by calling attention to the fact that defendants could have procured the

testimony before the trial was had if they had made proper effort to secure it and had used due diligence, but passing this, we do not think there was anything in the testimony which was brought before the court by depositions under the rule for a new trial which should have moved the court to give the defendants another chance. For example, the plaintiff testified that he had bought his barber fixtures which had been seized by the landlord from the Navy Y. M. C. A. The court and counsel had great trouble at the trial in understanding the plaintiff, for he spoke English very poorly. A reading of the testimony makes it very evident that the plaintiff had been misunderstood and that the barber shop he referred to was one that was opposite the Navy Y. M. C. A. There would have been no object in his misstating this fact, for in his deposition, he gives the location of the barber shop where he got the fixtures as opposite the Navy Y. M. C. A., and furthermore, produces the man from whom he bought the fixtures who testified to the details of the sale and corroborated the story of the plaintiff in respect to price and articles purchased. Much is made of the fact that the plaintiff stated at the trial that he did not work after the distress was made, for the depositions taken by the defendant indicate that he had, but the plaintiff in his deposition stated again that he was unable to earn anything for some time after the eviction. It is not in our province to weight the contradictory testimony. That was a matter for the lower court. The matter of granting a new trial was in its sound discretion and we see no abuse in refusing it.

(2) The lower court allowed the plaintiff to testify as to what he had paid for the barber shop fixtures. They had been quite recently bought, the time elapsing being so short that presumably they were in the same condition at the time of the trial as when they were

acquired. What they cost was some evidence of value, but not conclusive and the court had authority for allowing the testimony to go in. Seyfert v. Bean, 83 Pa. 450; Lloyd v. Haugh, 223 Pa. 148; Patterson v. Union Transfer Co., 84 Pa. Superior Ct. 273; Jabs v. Lancaster Co. Mut. F. Ins. Co. 101 Pa. Superior Ct. 498.

The assignments of error are overruled and the judgment is affirmed.