Stewart *v.* Leiper, Appellant.

Argued October 10, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Walter Stein,* with him *Benjamin Ludlow,* for appellant.

*Nathaniel Shapiro,* with him *John Y. Mace* and *James W. McLea,* for appellee.

OPINION BY PARKER, J., December 11, 1940:

The court below refused defendant's motion for a new trial after verdict against him. The motion was grounded upon an allegation of after-discovered evidence which would contradict a part of the plaintiff's own testimony and, if believed, tend to reduce the claim for damages.

The plaintiff had been a servant in the employ of defendant for about two and one-half years. While she was at the rear of defendant's premises another servant opened a door and let out a Great Dane dog, weighing about 135 pounds. The dog made a dive for the plaintiff, who weighed 118 pounds, knocked her to the ground, bit her on the arm and inflicted a wound that required treatment at a hospital and by a physician for more than two weeks, consisting of three sutures, cauterization, and the administration of preventive inoculations. She was confined to her bed for a time and was not able to perform all her accustomed duties for at least three weeks. The jury gave her a verdict for $750 and when the motion for a new trial was refused the court reduced the verdict, a remittitur was filed and judgment was entered for $400.

The plaintiff testified that she left defendant's employ on November 20, 1938, because she was unable to work but secured employment after Christmas which continued for four or five weeks and that she left because she was not able to work. The defendant's affidavit in support of the motion for a new trial and in respect to after-discovered evidence was made upon the information and belief that the defendant was prepared to prove that plaintiff was not forced to leave either em-

ployment by reason of inability to work, that within ten days after she left defendant's employ she went to work for a new employer and continued there for four and one-half months and that the defendant was reasonably diligent in pursuing evidence for the trial but was unable to obtain this additional evidence in advance.

In *Commonwealth v. Mellon*, 81 Pa. Superior Ct. 20, 25, we considered the rules governing the granting of new trials because of after-discovered evidence and said: "To entitle a defendant to a new trial on this ground the evidence must have been discovered since the trial, and be such as could not have been obtained at the trial by the use of reasonable diligence; it must not be simply corroborative or cumulative, or merely to impeach the credibility of a witness; and it must be such as would likely result in a different verdict if a new trial were granted: *Com. v. Brady*, 76 Pa. Superior Ct. 488; *Com. v. Carter*, 272 Pa. 551; *Com. v. Flanagan*, 7 W. & S. 415. Such an application is not governed by the strict technical rules applicable to a writ of error, but is addressed to the sound discretion of the court: *Boyd v. Boyd*, 1 Watts 365, 366; and the exercise of this discretion by the court in refusing a new trial will be reversed on appeal only where it has been clearly abused: *Com. v. Hine*, 213 Pa. 97; *Hunter v. Bremer*, 256 Pa. 257, 266; *Goldstein v. E. Fallowfield Twp.*, 43 Pa. Superior Ct. 158, 167."

Even viewing the controversy in a light favorable to defendant, the plaintiff was knocked down and bitten by a large and powerful dog so that she required considerable medical treatment over a period of two or three weeks, for which treatment defendant paid; she suffered some pain and has a permanent scar on her arm, a fact which defendant's own witness, a physician, admitted. The jury also had an opportunity to view the scar. Assuming that she lost no time from her work for which she was not paid, $400 is certainly not so excessive a judgment as to require us to say that the

court abused its discretion. Under the judge's charge the jury could not have allowed a sum for loss of earnings that even approximated the amount of the remittitur.

The pleadings gave fair notice to defendant that plaintiff was going to claim that she was prevented from following her usual and customary occupation by reason of the injury and he should have been prepared to meet that allegation. "The mere fact that the introduction of the testimony complained of was not anticipated by defendant, and he was consequently taken by surprise, is no excuse. Defendant was bound to know that he might have to encounter fraud of this character, if it were a fraud, and should have been prepared to meet it": *Peterman v. Enggasser,* 280 Pa. 528, 533, 124 A. 681.

After carefully reading the testimony we are all of the opinion that the cases relied upon by defendant, *Candelore v. Glauser,* 291 Pa. 582, 586, 140 A. 525; *McCabe v. Pa. R. R. Co.,* 311 Pa. 229, 233, 166 A. 843; *Com. v. Jennings,* 129 Pa. Superior Ct. 584, 196 A. 598, are not applicable. We are not prepared to say that the court below abused its discretion in concluding that there was not sufficient to show that plaintiff was guilty of wilful and corrupt perjury. This was a matter peculiarly for the court below to pass upon as he heard the witness testify and could form a better conclusion than the appellate court: *Mladjen v. Karfunkle & Abrams,* 104 Pa. Superior Ct. 108, 110, 158 A. 280. In any event, the judgment as reduced was not excessive even if we assume that the time lost was less than claimed by plaintiff. We see no reason to believe that the verdict would be less than the present judgment if a new trial were granted. We are all of the opinion that the judgment should be affirmed.

Judgment affirmed.