## TEMENOFF v. EMERY et al.
### Civil Action No. 978.

District Court, W. D. Pennsylvania.

Oct. 30, 1941.

---

180

Margiotti & Pugliese, by Sebastian C. Pugliese, all of Pittsburgh, Pa., for plaintiff.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

This is an action to recover damages arising from an automobile accident. The jury, December 4, 1940, rendered a verdict in favor of each of the defendants. December 16, 1940, plaintiff filed a motion for a new trial. This motion came on for argument September 29, 1941, at which time, plaintiff abandoned all the reasons set forth in his motion but asked leave to file an additional reason, based on after-discovered evidence, which he alleged he could not discover in the exercise of reasonable diligence prior to the trial.

Plaintiff, in his complaint, alleges that about 10 P. M., October 16, 1939, he was walking in an easterly direction on the berm or shoulder on the northern side of U. S. Route 40 at Lincoln Hill, Washington County, Pa.; that the automobile of Emery, one of the defendants, while being driven by the other defendant, Cushing, in an easterly direction along the said road, on its northern berm or shoulder, struck and seriously injured the plaintiff. The principal issue at the trial was the place where the accident happened. Plaintiff claimed it occurred at the place alleged in his complaint. Defendants claimed that the accident occurred upon the pavement on the opposite side of the road from where plaintiff said he was walking and while plaintiff was attempting to cross the highway. Plaintiff testified at the trial, in substance, as he had alleged in his complaint, that he was walking easterly on said highway on the berm or shoulder thereof; that the automobile of defendant, Emery, while passing another automobile, going in the same direction as the plaintiff, ran over onto the berm, where plaintiff was walking and struck him. Cushing and a lady, who was riding in the same car with him, testified that the accident happened on the paved portion of the road on the opposite side to that testified by plaintiff, and while plaintiff was attempting to cross

the road. They were somewhat corroborated by the testimony of a police officer as to marks on the highway, and they were also corroborated by the sworn affidavit of the plaintiff to a court reporter made shortly after the accident occurred.

Defendants, in their answer, admitted that the accident was caused by a collision between the automobile and the plaintiff.

The granting or refusing of a new trial is governed by "reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." See Rule 59(a) of Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. This rule is substantially the same as Section 269 of the Judicial Code, 28 U.S.C.A. § 391. In Dobie on Federal Procedure (p. 635) it is stated that "the federal courts do not conform to the state statutes or practice." No federal authority has been cited by either of the parties.

In Stewart v. Leiper, 142 Pa.Super. 429, 16 A.2d 660, 661, the Court stated: "To entitle a defendant to a new trial on this ground, the evidence must have been discovered since the trial and be such as could not have been obtained at the trial by the use of reasonable diligence, it must not be simply corroborative or cumulative, or merely to impeach the credibility of a witness, and it must be such as would likely result in a different verdict if a new trial were granted."

In Limper v. Philadelphia Electric Co., 297 Pa. 204, 146 A. 574, 576, the Court stated: "To entitle a defendant to a new trial on this ground, the after-discovered evidence must not be simply corroborative or cumulative, but must be such as would likely result in a different verdict if the case were again tried."

The affidavit attached to the motion for leave to file an additional reason based upon after-discovered evidence was made about two years after the happening of the accident in this case. It was made between nine and ten months after the rendition of the verdict. The deponent, in the affidavit, does not state where he was located on the road upon which the accident occurred, other than he was walking in a westerly direction along the southern side thereof. The affidavit does not state what opportunity the deponent had for observation, how far he was from the place of the accident or anything about the light that existed upon the portion

of the road involved. This after-discovered evidence upon which plaintiff now seeks a new trial is merely cumulative or corroborative evidence of the plaintiff as to where the accident occurred and it is not such as would likely result in a different verdict if the case were tried again.

I am, therefore, of the opinion that the motion for a new trial should be refused.