Pescatore *v.* Sabato, Appellant.

216

Argued September 26, 1956. Before RHODES, P. J.,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.
(HIRT, J., absent).

*Benjamin H. Hellman,* for appellant.

*Vincent C. Veldorale,* for appellee.

OPINION BY RHODES, P. J., November 13, 1956:

A recital of the procedure in this case is sufficient
to require a new trial. The appeal is by defendant
from an order of Judge BONNELLY of the Municipal

Court of Philadelphia County dated January 15, 1954, vacating a previous order of November 5, 1953, granting defendant a new trial.

Plaintiff, on January 3, 1951, brought an action in trespass against defendant in the Municipal Court. In his complaint plaintiff averred that on November 11, 1950, his automobile was damaged by an automobile owned and operated by defendant. Defendant in his answer averred that his automobile had been stolen and at the time was being operated by a person other than defendant. The case was heard before a judge without a jury, who found for plaintiff in the sum of $257.75. On October 29, 1953, defendant's motions for new trial and for judgment n.o.v. were dismissed, and judgment was entered for plaintiff. On November 5, 1953, upon consideration of defendant's petition an order was made vacating the court's order of October 29, 1953, and granting defendant a new trial. On December 7, 1953, plaintiff appealed to this Court from the order of November 5, 1953, granting defendant a new trial. The order of November 5, 1953 (filed November 12, 1953) was signed as follows: "By the Court for the Court en banc, BONNELLY, J." Defendant had sought a new trial reciting, inter alia, in his petition that the local police records disclosed that his automobile had been reported stolen at the time of the alleged accident.

On January 5, 1954, counsel for plaintiff filed, in the office of the Prothonotary of the Superior Court, a certificate of discontinuance of plaintiff's appeal, apparently without the knowledge of defendant. The discontinuance of plaintiff's appeal was followed by this order in the Municipal Court: "Jan. 15, 1954. Upon reconsideration of order of Nov. 5, 1953, granting new trial is hereby vacated for reason Court en banc would

not concur. BONNELLY, J." Thereupon defendant appealed to this Court on March 16, 1954, from that order.

It is unnecessary for us to discuss the argument of plaintiff which is to the effect that upon the discontinuance of his appeal the original judgment became absolute. Defendant's position seems to be that upon the discontinuance of the appeal by plaintiff the order granting a new trial from which it had been taken became effective. Ordinarily the grant or refusal of a new trial is within the discretion of the court below, and this applies to a request for a new trial on the ground of after-discovered evidence. *Holt v. Pariser,* 161 Pa. Superior Ct. 315, 317, 54 A. 2d 89; *Stewart v. Leiper,* 142 Pa. Superior Ct. 429, 431, 16 A. 2d 660. Defendant consistently sought a new trial, although he was not always diligent in doing so. We think the procedure has resulted in defendant's being improperly deprived of an opportunity to have had the action of the court below in granting a new trial reviewed. Moreover, discontinuance of the appeal by plaintiff was prejudicial to defendant in that the Municipal Court (apparently without notice to defendant) thereupon reversed the order from which the appeal had been taken by plaintiff. If plaintiff had not discontinued his appeal from the order granting a new trial defendant could have argued the validity and propriety of the order. Consequently, we think that, under the circumstances, a new trial should be granted that defendant may present all of his evidence. The procedural confusion in this case would not justify a denial of this opportunity.

Judgment and order reversed, and a new trial granted.