## Rellick v. Redevelopment Authority of the County of Indiana

*Edward J. Steiner* and *Vernon F. Fritchman,* for plaintiffs.

*Myron H. Tomb Jr.,* for defendant.

RUDDOCK, *J.,* June 10, 1988 — Plaintiffs were the owners of the Dinner Bell Marketing & Packing Co. located in Center Township, Indiana County, Pennsylvania, which was the subject of a declaration of taking by the Redevelopment Authority of Indiana County on November 20, 1983 as part of the Flood Recovery Program. Plaintiffs operated a meat packing and processing plant and retail meat business on the property. They received $179,250 on January 23, 1984 as the estimated just compensation. The board of view subsequently awarded them $215,000 for their land, building, improvements and fixed equipment. No award was made for movable equipment, as the board found the assem-

bled economic unit doctrine was not applicable. Both parties appealed the board of view's award. The case was tried before this court and a jury on February 22, 23 and 24, 1988. The jury returned a verdict that the assembled economic unit doctrine did not apply to this taking and that the earlier award of $179,250 was a just compensation for the property. We must now consider plaintiffs' motion for post-trial relief and motion for a new trial.

## DISCUSSION

Plaintiffs have raised nine issues in their motion, the first of which is the contention that their case was substantially prejudiced by the surprise testimony of Dr. Bajpayee, Regional Supervisor of Inspectors from the USDA. Dr. Bajpayee testified that the Dinner Bell did not have a USDA license to slaughter meat, as plaintiffs claimed, when it was constructed in 1975 or when it was taken in 1983. Plaintiffs only learned that Dr. Bajpayee would be called as a witness on the day he was to testify and were unable to present any rebuttal. Defendant's counsel maintained that Dr. Bajpayee was not on his pretrial list of witnesses because he only contacted USDA for information after plaintiffs failed to produce certain business records that had been agreed to by the parties.

Plaintiffs contended at trial that their building was constructed to certain specifications expressly to obtain the USDA license, and was therefore unique. That was their basis for requesting an application of the assembled economic unit doctrine. Since defendant did not raise the issue of the existence of the license prior to trial, plaintiffs claim they did not expect it to be made an issue at the trial. But as they stated in their post-trial brief, this was a "critical issue." It's difficult to believe that

plaintiffs would have prepared for the trial without gathering some evidence on the existence of the USDA license when it was the basis for their entire argument, whether or not defendant had expressly informed them that it would be called into question. A verdict cannot be set aside merely because a party goes to trial unprepared. The mere fact that the introduction of the testimony complained of was not anticipated by a party, and he was consequently taken by surprise, is no excuse. *Stewart v. Leiper,* 142 Pa. Super. 429, 16 A.2d 660 (1940).

Secondly, plaintiffs contend the court erred in excluding the testimony of Joseph Ax as to the cost of construction of a replacement slaughterhouse. Mr. Ax was not qualified to testify as to the depreciation of value, but plaintiffs had a second witness, Mr. Sawyer, who was prepared to depreciate the new costs. However, Mr. Sawyer admitted that he was not qualified to depreciate equipment, and Mr. Ax's valuation included real estate and equipment.

An expert witness must have sufficient skill, knowledge, or experience on the very question upon which he promises to express an opinion. *Dambacher by Dambacher v. Mallis,* 336 Pa. Super. 22, 485 A.2d 408 (1984). An expert witness, who by his own testimony has had no experience or special knowledge regarding a particular matter, would be incompetent as an expert. *Steele v. Shepperd,* 411 Pa. 481, 192 A.2d. 397 (1963).

Plaintiffs' third contention is that defendant's counsel improperly appealed to the sympathy and prejudice of the jury when he stated in his closing argument that Mr. Rellick had lied when he testified about the existence of a USDA license. Such an issue could only be the basis for the granting of a new trial if the complaining party had entered a timely objec-

tion, as required by Pa.R.C.P. 227.1(b)(1). Plaintiffs failed to make an objection at the proper time.

Even if plaintiffs had objected, the remarks were not improper. Counsel may express an opinion in his closing argument, so long as the argument does not suggest any facts that were not supported by evidence produced at trial. *Speer v. Barry,* 349 Pa. Super. 365, 503 A.2d 409 (1985). Here, counsel's statements were based on the testimony of Dr. Bajpayee, who testified that plaintiffs did not have a USDA license.

Plaintiffs next contend that the court erred in refusing to give six of its requested jury instructions. These dealt with the applicability of the assembled economic unit doctrine. Instructions 6, 7, 8, and 9 stated that defendant did not produce sufficient evidence to prove that the movable equipment could form an assembled economic unit in another location and that plaintiffs' building was unique and plaintiffs had met their burden of proof on these two matters.

Defendant presented the testimony of Mr. Melia as to the movability of the equipment and of Mr. Kuzneski as to the availability of other properties suitable for use in plaintiffs' business. Plaintiffs presented the testimony of Mr. Ax and Mr. Sawyer on the same subjects. The instructions requested by plaintiffs would have in effect directed the jury to accept only the testimony of plaintiffs' witnesses. But it is the jury's express duty to determine whether or not the assembled economic unit doctrine applies. In a condemnation case, while the jury is obliged to consider testimony with respect to the application of the assembled economic unit doctrine, it is not bound to accept it. *Benkovitz v. Urban Redevelopment Authority,* 56 Pa. Commw. 523, 425 A.2d 1178 (1981).

Plaintiffs also find fault with the court's charge to the jury. However, the jury was presented with a written jury award containing specific questions as

to the assembled economic unit doctrine. The court presented copies of the written jury award to both counsel one day before the case went to the jury and no objections were raised at that time. The jury did not ask any questions of the court after retiring to consider its verdict, which would indicate they were not confused about any of the issues. Simply because the jury found against them, plaintiffs cannot now maintain they were misled.

Plaintiffs' remaining contentions need not be discussed separately. They include: jury's failure to render verdict responsive to court's instructions; jury's failure to render a verdict responsive to the evidence; jury's failure to render a verdict responsive to the weight of the evidence; the verdict was against the law, against the weight of the evidence, and against the charge of the court.

None of these contentions contain any merit. The trial lasted four days in this case. Each side presented expert witnesses as to the nature of plaintiffs' business and the applicability of the assembled economic unit doctrine. As the court stated before, it was the jury's duty to weigh the evidence presented. A court may grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice and the right award of a new trial is imperative so that right may be given another opportunity to prevail. *Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669 (1985).

## ORDER OF COURT

And now, June 10, 1988 the motion for post-trial relief and motion for a new trial are denied.