# Peterman v. Enggasser, Appellant.

*Evidence—Cross-examination—Attacking credibility of witness —Collateral matter—Contradiction of previous statements as to matters at issue.*

1. The rule that ground for contradicting a witness cannot be laid by cross-examination on collateral or irrelevant matters, does not apply where the question asked is proper to contradict the witness and attack his credibility by proving that he had previously made a statement contrary to the testimony he is giving.

*Appeals—Assignments of error—Charge—General exception— Act of May 24, 1923, P. L. 439.*

2. Under the Act of May 24, 1923, P. L. 439, where a general exception merely is taken to the court's charge, the appellate court will consider, on its merits, each portion of the charge assigned as error.

*Principal and agent—Agency to purchase stock—Fraud.*

3. Where a principal entrusts money with an agent to purchase stock in a particular corporation, and it appears that, at the time, the company is financially embarassed, with stock in its treasury for sale, the agent violates his duty to his principal if he sells and transfers to her his own stock, and does not turn her money into the treasury of the company, so that as a stockholder she may have the benefit of such payment.

*Practice—New trial—After-discovered evidence—Discretion of court.*

4. Alleged after-discovered evidence, which merely tends to impeach the credibility of the plaintiff as a witness, and involves collateral matter with but an incidental bearing on the question involved, is not ground for a new trial.

5. Where after-discovered evidence is alleged as a ground for a new trial, it should be shown that the evidence was not discoverable before the trial.

6. Where a defendant knows or is bound to know that a certain kind of evidence may be produced against him at the trial, he must be prepared to meet it, and if he fails to do so, he cannot allege as a ground for a new trial that he was taken by surprise.

7. A new trial will not be granted where no abuse of discretion appears.

Argued April 14, 1924.  Appeal, No. 339, Jan. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1921, No. 7378, on verdict for plaintiff, in case of Louise Peterman v. Leo Enggasser.  Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.  Affirmed.

Assumpsit for money loaned.  Before GORDON, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,529.17.  Defendant appealed.

*Errors assigned* were, inter alia, various rulings and instructions, and refusal of new trial, quoting record.

*John G. Kaufman,* with him *Albert T. Bauerle,* for appellant.—It is not proper to cross-examine a witness on other questions than those brought out by the examination, where the questions elicited on cross-examination tend to introduce matters of defense: Dixon v. Minogue, 276 Pa. 562; Griffith v. Eshleman, 4 Watts 51.

Where a plaintiff sues to recover money loaned, and the defense is that the money was handed over to purchase twenty-five shares of a specific stock, and the stock was purchased in plaintiff's name, it is error for the trial judge to charge the jury that defendant should have purchased the stock from the company and used the identical money, and if he did not do so, he was a dishonest man.

Where a plaintiff secures a verdict by false testimony a new trial should be granted: City Saving Fund v. Schoff, 17 Pa. Dist. R. 857; Wickel v. Mertz, 49 Pa. Superior Ct. 472.

*Howard Benton Lewis*, for appellee, cited, as to new trial: McEvoy v. Quaker City Cab Co., 267 Pa. 527; Baughn v. Benson, 77 Pa. Superior Ct. 181; Moore v. Bank, 5 S. & R. 41; Gazzam v. Reading, 202 Pa. 231; Com. v. Mellon, 81 Pa. Superior Ct. 20.

OPINION BY MR. JUSTICE FRAZER, May 19, 1924:

Plaintiff sued to recover $2,500 she claimed to have loaned defendant, her brother-in-law. The latter admitted receiving the money, alleging, however, it was given him, not as a loan but for the purpose of investment, and that at her request he purchased and delivered to her twenty-five shares of the capital stock of the Philadelphia Yeast Manufacturing Company. The jury decided the disputed question of fact in favor of plaintiff, judgment was entered on the verdict and defendant appealed.

The first question argued refers to the admission, in rebuttal, of evidence offered attacking the credibility of one of defendant's witnesses. Plaintiff testified defendant promised, in the presence of the latter's bookkeeper, named West, to repay the money. West was called by defendant and on direct examination testified to having heard a conversation between plaintiff and defendant concerning the Philadelphia Yeast Company, but that he was unable to recall what was said in reference to the matter. On cross-examination he was asked if defendant had not, in his presence, informed plaintiff he would repay her the $2,500 in question, to which he answered in the negative. Plaintiff subsequently called a witness in rebuttal and was permitted, over objection, to ask if West had not stated to him that defendant said in his presence he intended to pay plaintiff the $2,500 he owed her, to which the witness answered that West said he had heard defendant say "time and again he would pay" every dollar of the $2,500 he owed plaintiff. Defendant contends this evidence should not have been received in rebuttal for the reason it permitted plaintiff to contra-

dict matters brought out by improper cross-examination. Conceding the soundness of the rule that ground for contradicting a witness cannot be laid by cross-examination on collateral or irrelevant matters, we do not agree that the evidence here objected to was either irrelevant or collateral. On the contrary, it affected the credibility of the witness West as to matters relating directly to the sole question involved in the case, viz: whether the transaction was a loan or an investment. The fact that defendant promised to repay the money, if that were a fact, had a direct bearing on this question, consequently, it was proper to contradict the witness and attack his credibility by proving he previously made the statement contrary to his present testimony.

Defendant also contends various parts of the charge were prejudicial to him as reflecting on his honesty in the transaction. Merely a general exception was taken to the court's charge; we have, however, examined the question covered by each assignment on its merits as provided in the Act of May 24, 1923, P. L. 439, and a careful reading of the court's instructions, as a whole, fails to show either reversible error or that they were unduly prejudicial to defendant. It is not denied that at the time defendant received plaintiff's money he was a creditor of the Philadelphia Yeast Co., to the amount of $10,000; that the company was then financially embarrassed to such extent it was unable to pay its indebtedness in full and that following a meeting of creditors a compromise resulted whereby they accepted payment of one-half their claims in cash and the remainder in shares of the company's capital stock; that defendant received one-half of his claim in cash and stock representing the other half and that the certificate for twenty-five shares turned over to plaintiff was part of those issued to him in accordance with the settlement. Defendant argues it was immaterial whose stock plaintiff received if satisfied to purchase shares of the company; there might be force in that contention under other circumstances, but not here.

Plaintiff had a right to have her money turned into the treasury of the company, if given defendant for investment in its shares, and receive, as a stockholder, the benefit of such payment. In view of these facts the trial judge, in the course of his charge, said that if defendant's "story is correct, his duty as a trustee and honest man in connection with this transaction was to take that check or the proceeds of it and put it in the company by buying stock from the company, putting it in her name and giving the company the money." This he did not do, but retained her money and transferred to her, at par, part of his own stock, which, to say the least, was of doubtful value. Under the circumstances, there was nothing in this language of which defendant could justly complain. In our opinion the charge as a whole was a fair presentation of the issues and no ground in this respect for reversal appears.

It is finally urged a new trial should have been granted because of after-discovered evidence. A large volume of testimony was taken in support of this motion, much of it being directed toward attacking the credibility of plaintiff and endeavoring to prove her guilty of perjury in testifying as she did at the trial. The assignment of error raising this question is also defective, in that it fails to incorporate the action of the court on the motion for a new trial. On its merits, however, we find nothing to sustain the assignment. The principal contention is that plaintiff, in the course of her testimony, endeavored to create the impression she was a woman of limited means and had earned and saved from her wages as a domestic servant the money advanced to defendant. Whether rich or poor was a collateral matter with but an incidental bearing on the question whether the money was given the defendant as a loan or for the purpose of purchasing the stock in question. There being no denial that she actually placed in defendant's hands the sum of $2,500, it is immaterial what other financial resources she might or might not have had. Furthermore, the al-

leged after-discovered evidence merely tended to impeach the credibility of the witness and fails to justify the granting of a new trial (McEvoy v. Quaker City Cab Co., 267 Pa. 527, 536); nor does it appear the evidence was not discoverable before, as well as after the trial. The mere fact that the introduction of the testimony complained of was not anticipated by defendant, and he was consequently taken by surprise, is no excuse. Defendant was bound to know that he might have to encounter fraud of this character, if it were a fraud, and should have been prepared to meet it: McEvoy v. Quaker City Cab Co., supra. No abuse of discretion appears in the refusal of a new trial.

The judgment is affirmed.