## Limper v. Philadelphia Electric Co., Appellant.

Argued April 23, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Joseph A. McKeon,* with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellant.—It was an abuse of discretion to refuse a new trial in face of depositions establishing plaintiff's perjury, tainting the essentials of the trial, causing a misleading charge and resulting

in a grossly excessive verdict: Candelore v. Glauser, 291 Pa. 582; McEvoy v. Cab Co., 267 Pa. 527.

It was an abuse of discretion for the lower court to refuse a new trial where the only medical testimony ascribing plaintiff's present physical condition to the accident in question, was based on a false medical history supplied to the physicians by plaintiff himself of ten years of good health in the injured member following its original injury.

The refusal of the lower court to grant a new trial in this case on plaintiff's filing a remittitur of all of the verdict in excess of $10,000, and the entry by the court of final judgment in that amount was an abuse of discretion.

*Bryan A. Hermes,* with him *Otto Krause, Jr.,* for appellee.—The statement of claim gave sufficient notice: Twinn v. Noble, 270 Pa. 500; Boles v. Elec. Co., 89 Pa. Superior Ct. 160; Ackerman v. Williamsport, 227 Pa. 591; Clark v. Horowitz, 293 Pa. 441.

Defendant made no objection to any alleged variance between the allegata and the probata, and hence the statement is to be considered as properly amended to conform to the proofs: Clark v. Steele, 255 Pa. 330, 339.

Ordinarily, a new trial will not be granted for newly discovered evidence to impeach a witness: Com. v. Brady, 76 Pa. Superior Ct. 488; Com. v. Mellon, 81 Pa. Superior Ct. 20; Peterman v. Enggasser, 280 Pa. 528; Hinman v. Hinman, 283 Pa. 29.

The verdict, as reduced, was not excessive: Gail v. Phila., 273 Pa. 275; Clark v. Horowitz, 293 Pa. 441.

OPINION BY MR. JUSTICE FRAZER, May 13, 1929:

On October 9, 1926, defendant's motor truck violently collided with a street railway car in the City of Philadelphia in which plaintiff was a passenger. By the force of the impact he was thrown to the floor of the car and subsequently brought suit to recover compensation for

the resulting personal injuries, charging carelessness and negligence in the operation and control of the truck by the driver, defendant's employee. The jury returned a verdict for plaintiff in the sum of $20,000, and the appeal here is from the refusal of the court below to grant a new trial. In discharging the rule for a new trial the court however reduced the verdict to $10,000, which sum plaintiff by his remittitur agreed by writing filed to accept.

Plaintiff's contention is that by reason of the accident not only has he sustained serious bodily injuries, internally and externally, which now prevent and may permanently incapacitate him from earning a livelihood, but also that the accident resulted in an aggravation of chronic and latent diseases that further greatly increased his physical impairment and will prolong a cure of the injuries resulting from the accident, if he should indeed hereafter recover.

Appellant claims the physical impairment of plaintiff's health and bodily functions began and existed long previous to the period at which plaintiff in his testimony said it began; that the impairment was the result of an accidental fall from a tree in his boyhood days, and from tuberculous affection of his thigh; that, throughout the subsequent years and up to and after the accident here complained of, he had repeatedly been given surgical treatment for such condition; and that he is guilty of perjury in falsely swearing that he had been a well man and had experienced no trouble from the infected thigh for a period of ten years before the accident. This however is not the situation as disclosed by the record before us.

Appellant requests a new trial chiefly on the ground of after-discovered evidence. Plaintiff testified very fully that while in the service of the United States Navy in 1916 while on duty on a warship, he sustained a fractured hip; that the injury received hospital treatment in France; that he recovered sufficiently to return to the

navy some months later and that after remaining in the service more than two years, he returned to Philadelphia and, until the accident in 1926, was engaged in heavy employment at remunerative wages.

Alleging that plaintiff at the trial had purposely concealed the actual state of his ill-health before and after the accident on the warship in 1916 and that the facts concerning this condition were unknown to defendant until the trial was in progress, defendant filed a petition with the court below to take depositions and produce hospital records, as constituting after-discovered evidence. Copies of these records and affidavits of physicians who had attended plaintiff were attached to the petition. After hearing argument for a retrial and examining the affidavits and records, the court below dismissed the motion and entered a final judgment on the verdict, reducing the amount however as above indicated.

Appellant's three assignments of error attack the refusal to grant a new trial, the reduction of the amount of the damages awarded by the jury on condition of the filing of a remittitur by plaintiff and the final judgment. We shall dispose of these exceptions in our general consideration of the case.

The insistence of appellant's counsel that plaintiff was guilty of perjury by giving false testimony at the trial requires attention. We may say at the start that a plain and impartial reading of his testimony fully refutes the accusation. The very portions of his evidence quoted by defendant's counsel in their brief intended to establish perjury nullify the charge. Two typical instances are: In answer to the question, "What was your condition before the accident on October 9, 1926?" he replied: "My condition was normal. Q. Have any trouble with the leg? A. No." Appellant's counsel argues that these questions and answers refer to the state of plaintiff's health during at least ten years before the injury received in 1926. But the whole plain tenor of the examination on this point indicates that

the questions and replies had reference to a course of time immediately before that accident, and as plaintiff received no hospital treatment during a period of a year and a half preceding the accident, it is clear, from the earlier and following examination, that during that time his health was normal, but that latent diseased conditions, originating in previous periods, existed. Referring to his accident on board the warship in 1916, he was asked: "What was your condition of health a year or a year and a half after this accident on shipboard? A. My health was good. Q. All right? A. Back to sea, working." As a matter of fact, he was able to work regularly through the succeeding years until receiving injury while a passenger in the street car in 1926. At that time, when being treated by his physician for these injuries, it was discovered that an old existing sinus in his groin had opened and was discharging pus and serum, and that he was suffering from an infection in the lower part of the thigh; that, as the physician testified, had its inception in an old injury, which after it had healed had been in apparently good condition for approximately ten years; but that the injury received in 1926 had caused a return of the old trouble. It is accordingly obvious, as the testimony shows, at least portions of the early diseased parts had so remained quiescent and not interfered with his ability to work, until seriously affected by the accident in 1926. It cannot under these conditions be said that the jury, with all this evidence presented to it, was not informed that not only had plaintiff been seriously injured by the accident in 1926, but at that time old and latent diseased conditions existed and that these were aroused and aggravated by the violence of the impact of defendant's truck with the street car in which appellee was at the time a passenger. Plaintiff himself did not testify to troubles existing before the accident on board the ship; neither was he guilty of concealment of those matters, for the very good reason that at the trial he was not interro-

gated as to them. Moreover, in his answer filed to appellant's motion to take depositions of after-discovered evidence, plaintiff admitted that the witnesses mentioned in the affidavits would testify substantially as set forth therein and that the hospital records were as there set forth.

Every portion of the claimed after-discovered evidence could have been secured previous to the trial, had defendant made reasonable investigation. As the court below pertinently suggests, the allegations in the statement of claim were "sufficient to inform the defendant of the serious character of the injuries claimed to have been incurred by the accident upon which this suit is based. The testimony defendant desires to introduce as after-discovered evidence in support of a new trial was available at the time of the trial." In fact defendant was so remiss in this respect that although the statement of claim was filed in December, 1926, no demand for a physical examination of plaintiff was made, and no examination had, until after the jury had been sworn in May, 1928. It cannot be claimed that plaintiff was under any necessity of voluntarily supplying evidence to defendant, and where there is no contrived concealment of testimony by a litigating party, a lack of adequate preparation for trial by an opponent may not be held as the fault of the other; and, in such situation, an appellant cannot be permitted to obtain a retrial by merely charging that the verdict was obtained by perjury: 25 L. R. A. (n. s.) 1240. The principles governing this case are set forth in 20 R. C. L. 292: "As a general rule, before a new trial can be granted on the ground of newly discovered evidence, it must appear that due diligence was exercised to procure such evidence upon the original trial, and that it was through no fault or neglect of the party making the application that such evidence was not produced. Courts will not aid parties where they have failed to take the requisite steps to procure their evidence," and as we said in McEvoy v. Quaker City Cab

Co., 267 Pa. 527, 541, "If the verdict had resulted from defendant's unpreparedness to meet the evidence produced [by the plaintiff], the fault, if any, rested neither with the court nor with the jury." We find nothing in the record of the case before us to support in the slightest degree the charge that plaintiff testified falsely; and not having been asked by either counsel as to his physical condition or as to causes producing ill-health previous to the year 1916, at the time he received injury on board the warship, he cannot be charged with withholding information which defendant now claims to be essential.

When we examine the nature of the after-discovered evidence rejected by the trial court, as insufficient ground for a new trial, we find, according to its reasonable value as proof, that it is merely cumulative, additional, at most, to what was developed by the testimony adduced at the trial bearing on the physical condition of plaintiff before the accident upon which he bases this action. If presented, then, to a jury all that could result from it would be to show that the old and latent diseases had an origin before 1916 when plaintiff was injured during the war on shipboard, to which he testified in much detail. To entitle a defendant to a new trial on this ground, the after-discovered evidence must not be simply corroborative or cumulative, but must be such as would likely result in a different verdict if the case were again tried: Commonwealth v. Carter, 272 Pa. 551. An application for such trial is addressed to the sound discretion of the court and the exercise of this discretion in refusing a new trial will be reversed on appeal only where it has been clearly abused: Boyd v. Boyd, 1 Watts 365, 366; Commonwealth v. Hine, 213 Pa. 97. We are satisfied that the submission of the after-discovered evidence in this case would not have affected the verdict of the jury and that the discretion of the court below was not abused in refusing a retrial.

The court below did not err in reducing the verdict from $20,000 to $10,000. It was, as that court properly finds, grossly excessive and not sustained by the record. We can interfere in such case, as we said in Goldman et al v. Mitchell-Fletcher Co., 285 Pa. 116, 119, only "where the facts demonstrate a verdict to be so plainly excessive in any part as to indicate that the jury has abused its powers, and that abuse is not remedied by the court below." In the case before us the abuse was so remedied.

The assignments of error are overruled and the judgment of the court below is affirmed.

Mr. Justice SCHAFFER dissented.