## Weissbach et ux. *v.* Price, Appellant.

Argued October 1, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Arthur M. Grossman,* for appellant.

*Chauncey E. Pruger,* for appellees.

OPINION BY MR. JUSTICE STERN, November 12, 1937:

In the trial of this action in 1936 for damages arising from an automobile accident in 1932, the wife plaintiff, Mrs. Weissbach, was asked upon cross-examination whether she had had any other accident either before or after the one in suit, and she replied in the negative. For some reason, not appearing of record, a juror was thereafter withdrawn and the case continued. When it came up again for trial in 1937 Mrs. Weissbach was not interrogated as to any other accident. The jury rendered a verdict in favor of plaintiffs. Defendant moved for a new trial, the chief reason assigned being the receipt of information that Mrs. Weissbach in 1935 had fallen on the steps of a store and suffered some of the injuries for which she claimed compensation in the present suit. Depositions were taken from which it appeared that Mrs. Weissbach did have such a fall but, according to her version, the resulting injuries were so trifling that she required no medical services or therapeutic treatment beyond the application of alcohol to an abrasion of the shin, and on the very evening of the occurrence she attended a motion picture theatre. She did not make any claim, but an adjuster for the United States Casualty Company, which insured the proprietors of the store, sought her out and paid her $100 for a release. This adjuster informed Mr. Ringold, who was the adjuster handling the present claim for the Maryland Casualty Company, insurer of defendant, of the facts of the second accident. Mr. Ringold admitted receiving this information prior to the first trial, at which he sat behind the counsel for defendant furnished by the Maryland Casualty Company and assisted him; he does not remember whether he communicated the facts to counsel but he did put the information in the file of

the case, any casual examination of which would have revealed it. Moreover, the United States Casualty Company having immediately reported the 1935 accident to the Cleveland Index Bureau, to which the Maryland Casualty Company was a subscriber, the latter had the information at its disposal from this source also.

The court below overruled the motion for a new trial. The refusal to grant a new trial on the ground of after-discovered evidence will be reversed on appeal only where there has been a clear abuse of discretion: *Knickerbocker Ice Co. v. Pennsylvania R. R. Co.*, 253 Pa. 54, 66; *Hunter v. Bremer*, 256 Pa. 257, 266; *Commonwealth v. Delfino*, 259 Pa. 272, 280; *Limper v. Philadelphia Electric Co.*, 297 Pa. 204, 211; *Hornick v. Bethlehem Mines Corporation*, 310 Pa. 225, 228. In the present case we fail to find any such abuse. It is a fundamental rule that for a party to take advantage of evidence alleged to be "after-discovered," it must not have become known to him until after the verdict was rendered, and it must also appear that he could not have obtained it before or during the trial by the use of reasonable diligence and that he was not guilty of any fault or neglect in connection with its nonproduction: *Limper v. Philadelphia Electric Co.*, 297 Pa. 204, 210; *Hysong v. Kenny Transfer Co.*, 304 Pa. 102, 104; *Hornick v. Bethlehem Mines Corporation*, 310 Pa. 225, 228. Here the casualty company which conducted the trial for defendant had at that time the evidence which it now seeks to present as after-discovered. Defendant argues that the ordinary rule governing such a situation should not apply where the plaintiff commits perjury; in support of this contention reliance is placed upon *Candelore v. Glauser*, 291 Pa. 582, and *McCabe v. Pennsylvania R. R. Co.*, 311 Pa. 229, in each of which cases it was held to be an abuse of discretion to refuse a new trial when after-discovered evidence demonstrated that the plaintiff was clearly guilty of perjury or fraud. Those authorities are not controlling here, partly because they were cases in

which the evidence in question was not in the possession of the defendant before the trial had been concluded, but more particularly because it is not established that Mrs. Weissbach committed perjury in the present case. The trial judge, who considered the depositions, found that the second accident was a trivial one, and that it was quite probable Mrs. Weissbach had honestly forgotten the occurrence when she stated she had suffered no accident since the one in suit. Furthermore, since her denial that there was any other accident was not made in the present trial, the verdict now appealed from could not have been based upon perjured evidence as to that fact.

Defendant complains that a causal connection between the accident and the alleged injuries was not proved. Dr. Newhouse, however, did testify that they so resulted, and, indeed, most of the injuries were not of a type requiring expert medical opinion to establish them as effects of the accident.

Judgments affirmed.