Brannagan et ux., Appellants, *v.* Great Atlantic & Pacific Tea Company.

Argued March 20, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

*Karl D. Enzian,* with him *John A. Robb* and *Ra-hauser, Van der Voort & Royston,* for appellants.

*Robert D. Dalzell,* with him *John R. Bredin* and *Dal-zell, McFall, Pringle & Bredin,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 9, 1945:

This is an action in trespass by Joseph Brannagan and Elizabeth, his wife, appellants, against The Great Atlantic and Pacific Tea Company, appellee, to recover damages for injuries sustained by the wife when she slipped and fell in the vestibule of appellee's store. The appeal is from the refusal of the court *en banc* (1) to take off a compulsory nonsuit for the reason that appellants failed to prove negligence on the part of appellee, and (2) to grant a new trial.

On December 9, 1939, at about two-thirty in the afternoon, Elizabeth Brannagan was injured in one of the vestibules of a retail store of The Great Atlantic and Pacific Tea Company at the corner of Trenton and South Avenues, Wilkinsburg, Pennsylvania. She had come into the store through another entrance. Near the vestibule in question was the produce counter on which fruits and vegetables were displayed. She made some purchases and was proceeding to leave the store at the entrance in question where there were two doors, one with a glass panel which opened inward, and the other, a screen door opening outward. The space between these two doors is referred to as the "vestibule." It was paved with white tile, sloping toward Trenton Avenue for approximately four or five feet to the sidewalk. Appellant testified that in making her exit through these doors she stepped upon some substance which caused her to slip and fall, resulting in the injuries complained of. The substance was not identified other than by her statement that there was a sound such as is produced by stepping upon a leaf of lettuce. There was no evidence of any vegetable matter of any kind on the

floor of the vestibule at or immediately before the time of the accident. It was common for appellee's employees to clean leaves from lettuce, cabbage, and the like, and throw such leaves into a basket situated near the aisle leading to the door and vestibule. Frequently vegetable refuse and water was upon the floor near the door.

At the close of the appellants' case the trial judge granted appellee's motion for a compulsory nonsuit. Appellants filed a motion to take off the compulsory nonsuit and also a motion for a new trial. The latter was based upon alleged after-discovered evidence. In support of the latter motion depositions were taken which showed that one Nair, a brother of the wife appellant, had seen vegetable matter in the vestibule on the day of this injury between 1:10 P. M. and 1:25 P. M. Mrs. Brannagan in her depositions stated that she had not informed her counsel that Nair had been in the store on the day of the accident until after the trial. The court dismissed both motions.

Appellants have failed to show that any act for which appellee was responsible contributed to or caused the accident. How the substance upon which Mrs. Brannagan slipped happened to be in the vestibule is not shown. Proximity of the produce counter to the place of the accident affords no evidentiary basis for finding that the vegetable matter came from the counter. It may well have been that a patron dropped the substance as he was leaving the premises. A finding that an employee of appellee company negligently dropped lettuce or cabbage leaves on the vestibule floor would be purely conjectural. Cf. *Smith v. American Stores Co.*, 156 Pa. Superior Ct. 375, 378.

Regarding the motion for new trial on the ground of after-discovered evidence, it was properly refused by the court. In *Hornick v. Bethlehem Mines Corp.*, 310 Pa. 225, 228, it was said: "To entitle a defendant to a new trial on this ground (after-discovered evidence) the evidence must have been discovered since the trial, and be

such as could not have been obtained at the trial by the use of reasonable diligence; it must not be simply corroborative or cumulative or merely to impeach the credibility of a witness; and it must be such as would likely result in a different verdict if a new trial were granted. . . . Such an application is not governed by the strict technical rules applicable to a writ of error, but is addressed to the sound discretion of the court . . . and the exercise of this discretion by the court in refusing a new trial will be reversed on appeal only where it has been clearly abused . . ."

It cannot be said that there was an abuse of discretion by the court below in holding that appellants "could have known of this evidence at the time of the trial of this case or that had they exercised reasonable diligence could have learned of this evidence even if they did not know of it, and therefore that this evidence does not meet the requirements . . . with respect to after-discovered evidence."

The orders appealed from are affirmed.