Higbee *v.* Koziol, Appellant.

Submitted September 27, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*A. J. Kuzdényi,* for appellant.

*D. W. Henderson* and *Henderson, Parshall & Crow,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 14, 1955:

This is an appeal from a decree of the Orphans' Court of Fayette County dismissing a motion for a new trial on the ground of after-discovered evidence following a verdict of a jury that decedent had possessed $10,000 in currency and gold coin, which he had secreted in the basement of his home, and which had come, after decedent's death, into the possession of the executor of decedent's estate and for which he had not accounted. The litigation was commenced by the residuary legatees filing exceptions to the inventory and appraisement which the judge treated as a petition for a supplemental inventory and appraisement. He decreed, after a hearing, that a substantial dispute of fact existed and that an issue should be granted to be submitted to a jury in the Orphans' Court. The result was as indicated.

The facts succinctly stated by the hearing judge are: ". . . The controversy arose in the estate of Joseph Koziol, deceased, who died on March 31, 1949, having first made his last will and testament dated July 18, 1940, and duly probated in the Register's Office of Fayette County on March 10, 1950, in which he appointed his two sons, Edward and Alexander, executors. Letters testamentary were granted to Alexander on March 10, 1950, Edward having died on March 4, 1950. Testator left to survive him a widow, Josephine Koziol, the two sons, Edward and Alexander, and two daughters, Sara B. Higbee and Kathryn Richnafsky. Joseph Koziol bequeathed and devised all of his property to his wife, Josephine, but she died on January 20, 1950, at which time his will had not been probated. Josephine also left a will dated the same day as that of her husband, in which she bequeathed and devised all of her property to her husband in the event he survived

her, but if he did not survive her then she devised the home property to her two sons, gave each of her two daughters $10.00 and directed that the remainder of her estate be equally divided among her four children. This proceeding concerns the estate of Joseph Koziol only."

There has been a patent error in procedure. Disputed title to property in connection with the settlement of a decedent's estate should never be determined upon exceptions to an inventory and appraisement, or upon a petition for a supplemental inventory. In *Rogers Estate,* 379 Pa. 494, 108 A. 2d 924, we said (p. 495) : "In the settlement of a decedent's estate disputed title to property should not be determined upon exceptions to an inventory and appraisement which happens not to include the property claimed on behalf of the estate. The function and object of an inventory and appraisement in a decedent's estate is to fix *presumptively* the existence of property in the possession of the fiduciary and the value thereof. This is only *prima facie* evidence of ownership and value. Such listing does not affect the true ownership and value: Stewart's Estate, 137 Pa. 175, 20 A. 554; Moore's Estate (No. 1), 211 Pa. 338, 60 A. 987; Hermann's Estate, 226 Pa. 543, 75 A. 731; Fleming's Estate, 10 Dist. 259 (PENROSE, J.). The question of ownership is of interest to creditors, federal and state taxing authorities, and others. Such title, therefore, should not be finally determined until after an audit, with due statutory notice, and the determination by the orphans' court whether or not a substantial issue of fact exists." But since a jury has determined that the property in dispute belongs to the estate of decedent, this procedural error has resulted in no harm. Had the verdict been in favor of the appellant and against the estate, a new trial would have been necessary since decedent's

creditors, federal and state taxing authorities, and perhaps others, had no opportunity to appear and be heard. No useful purpose would be served in the circumstances of this case by a reversal and a new trial under correct procedure. We have, therefore, concluded not to disturb the verdict on the ground of erroneous procedure.

A portion of the averred after-discovered evidence consists of testimony which tends to discredit the testimony of appellees. The law is clear that after-discovered evidence which merely impeaches the credibility of a witness does not constitute grounds for a new trial: *Peterman v. Enggasser,* 280 Pa. 528, 124 A. 681; *Meholiff v. River Transit Company,* 342 Pa. 394, 20 A. 2d 762; *Rice v. Bauer,* 359 Pa. 544, 59 A. 2d 885.

The remaining portion of the averred after-discovered evidence consists of an affidavit by the scrivener of the will, that decedent told the scrivener he did not possess cash, money, etc. Appellant, however, does not convincingly show that he was unable to obtain such testimony for the trial by use of reasonable diligence. It necessarily follows that this evidence does not warrant the grant of a new trial: *Limper v. Philadelphia Electric Co.,* 297 Pa. 204, 146 A. 574; *Hysong v. Kenny Transfer Co.,* 304 Pa. 102, 154 A. 922; *Hornick v. Bethlehem Mines Corporation,* 310 Pa. 225, 165 A. 36; *Weissbach v. Price,* 328 Pa. 46, 195 A. 21; *Brannagan v. Great Atlantic & Pacific Tea Company,* 352 Pa. 18, 41 A. 2d 869.

The grant or refusal of a new trial, because of alleged after-discovered evidence, is discretionary with the trial court, and its decision will not be reversed except for an abuse of discretion which is not here shown to exist: *Hamill's Appeal,* 88 Pa. 363; *Brannagan v. Great Atlantic & Pacific Tea Company,* supra.

The decree of the court below is affirmed, at cost of appellant.