STATE OF CONNECTICUT *v.* RAFAEL SERRANO

REVIEW DIVISION OF THE SUPERIOR COURT

Decided November 21, 1963

*Salvatore V. Faulise,* of Hartford, for the defendant.

*George D. Stoughton,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-one, pleaded guilty to the charge of manslaughter and

was sentenced to a term of not less than seven years nor more than fourteen years. The maximum penalty for this crime is a fine of not more than $1000 or imprisonment for not more than fifteen years or both. General Statutes § 53-13.

The defendant was well known as a police informer by his own people in the Puerto Rican community in the north end of the city of Hartford. On the morning of March 12, 1963, at Kennedy Street, he was accosted and accused by the brothers Domingo and Jose Consepsion of telling the authorities about the policy and gambling activities of these two men. Later Serrano went to his home, obtained his .32 caliber semiautomatic pistol and placed it in the glove compartment of his car. The record discloses that soon thereafter the defendant drove to Main Street near Kennedy Street. The latter street is described as the place where "the victim Consepsion and his brother and their gang hung out." The defendant parked his car and got out of it just before Domingo Consepsion and another man approached menacingly in his direction and continued in spite of Serrano's warning that they desist. The defendant returned to his car, reaching into the glove compartment, brought out his weapon, turned and shot Domingo Consepsion twice. The victim died as a result of the gun wounds so inflicted.

Counsel for Serrano urged for our consideration several matters, including the previous services of his client to the police, the reasonableness of the fear which Serrano had and has for his wife and children, whom he claims have been threatened. We are asked to consider also the alleged staged shakedown of his vehicle by the police in the presence of others in the north end to effectively demonstrate that there was no particular attachment for Serrano such as might exist in the case of an informer. Fi-

nally, the "false security" so instilled in Serrano is pointed out.

All of this along with much more as included in the record, the history of the offense, the presentence report of the department of adult probation, the statement of the state's attorney and counsel for the accused came to the attention of the sentencing judge.

The facts remain that this defendant had full appreciation of his position. He also had some knowledge of what is proper in law and order as gathered from his own arrests and conviction as disclosed in his police record and the misdeeds and crimes of others as learned through his various services to the authorities. He chose, however, to assume control on his own. On the same day on which he claims to have been bothered and abused by the Consepsions, he saw fit to return to where he was aware that he might again come in contact with them. However, this time he had his gun, he used it and he shot and killed Domingo Consepsion.

Considering all of the circumstances and the nature of the offense, the sentence as imposed is fair, just and should stand.

BOGDANSKI, LOISELLE and MEYERS, Js., participated in this decision.