Bowie et al., Appellants, *v.* Shelton et al., Appellants.

108

Argued December 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Marvin D. Weintraub,* with him *Gustine J. Pelagatti, Bernard M. Gross, Sheldon Seligsohn,* and *Gross & Sklar,* for plaintiffs.

*Charles J. Bogdanoff,* with him *Albert C. Gekoski,* for defendant.

OPINION BY JACOBS, J., March 20, 1969:

These cases resulted from a collision between two automobiles at the intersection of Clearfield and Broad

Streets in the City of Philadelphia on August 13, 1961. Raymond Bowie was the driver of one automobile and Alford Shelton was the driver of the other automobile. Bowie brought suit against Shelton for damage to his automobile and his personal injuries. The passengers in Bowie's automobile, Vuwell Bowie, Julia Slater, Leola Frazier and Carrie Salley, joined in the suit for their personal injuries. Bowie also sought to recover his expenses and loss of consortium caused by the injuries to his wife, Vuwell Bowie. Jefferson Salley, husband of Carrie Salley, joined for a similar purpose. Raymond Bowie was joined as an additional defendant in this suit. In the second suit Shelton sued Bowie for the damage to his automobile; his wife, Sophia Shelton, who had been a passenger in his automobile, sued to recover for her personal injuries. In the latter suit Alford Shelton was joined as an additional defendant. The suits were consolidated for trial and heard before Judge McClanaghan and a jury in September, 1967.

The jury found Bowie and Shelton both negligent and permitted neither to recover from the other. Verdicts were rendered for all passengers against both Bowie and Shelton. All the passengers except Sophia Shelton claimed that their verdicts were inadequate and have appealed the action of the lower court in refusing their motions for new trials on that ground. In the case of Jefferson Salley as plaintiff, the jury brought in no verdict and the court marked the case as withdrawn although counsel requested that the case be resubmitted to the jury for a verdict. Later, in its opinion, the court below indicated that it felt it had directed that a verdict be entered in favor of the defendants in that case. Jefferson Salley died before trial and his administratrix has appealed the court's action. Raymond Bowie appeals in both cases on the ground that the court below should have granted a new

trial because of an after-discovered witness on the issue of liability.

The grant or refusal of a new trial for inadequacy of the verdict is a matter for the discretion of the trial court and we should not interfere unless the court below clearly abused its discretion. *Takac v. Bamford*, 370 Pa. 389, 88 A. 2d 86 (1952); *Padula v. Godschalk*, 192 Pa. Superior Ct. 618, 161 A. 2d 919 (1960). Vuwell Bowie recovered $600. She was treated at the hospital and returned home the day of the accident. Her total medical bills, for which her husband would be liable, were $84. She was confined to her home for two weeks, but claimed she could not reopen her beauty shop for two and one-half months. In our opinion her verdict bore a reasonable relation to the damages proved. The same is true of the verdicts awarded the other passenger appellants. All were discharged from the hospital on the day of the accident. Although Julia Slater incurred medical expenses of $123 and the jury gave her only $125, her injuries were not extensive and she was unemployed at the time of the accident. Leola Frazier received $350. Her medical expenses were $50 and she missed employment for three weeks. Carrie Salley received $200. She was a housewife and her sole claim was for pain and suffering. She suffered a broken rib and some bruises. Her claim for damages was complicated by a pre-existing hypertensive heart condition, and the jury had the difficult task of determining to what extent her condition was affected by the accident. There is no evidence that the jury was influenced by partiality, passion, prejudice or some misconception of the law or evidence, and absent the same we will not hold that the trial court was guilty of an abuse of discretion in refusing a new trial for inadequacy of damages. See *Carpenelli v. Scranton Bus Co.*, 350 Pa. 184, 38 A. 2d 44 (1944).

Raymond Bowie's request for a new trial on the ground of newly discovered evidence was based on the following facts. When the collision occurred, the automobiles came to rest against or near a P.T.C. bus stopped at the southeast corner of Broad and Clearfield Streets. In May, 1962, appellants addressed interrogatories to Alford Shelton asking the names of all witnesses to the accident known to Shelton. In an answer filed October 17, 1962, Shelton listed several witnesses and stated: "Possibally [sic] a P T C bus driver, name unknown, Philadelphia Police." Appellants allege that P.T.C. refused to cooperate with them in their efforts to secure the name of the driver, but do not say what efforts they made to procure his name. After trial appellants discovered the name of the witness and alleged that he would testify that Shelton went through a red light.

"In order to warrant a new trial for this reason, the evidence must, inter alia, be new, discovered since the trial and be such as could not have been discovered before the trial by the use of reasonable diligence." *Lazarus v. Goodman,* 412 Pa. 442, 447, 195 A. 2d 90, 92 (1963). The evidence here fails to meet the test. It was new only as to what the driver might say. The P.T.C. driver was apparently the driver of the bus with which one or both automobiles collided. The presence of the bus and the fact that its driver was a probable witness was known to appellants on August 13, 1961. The appellants were again made aware of the bus driver's presence at the scene when they received the answer to their interrogatories on October 17, 1962. With this knowledge in hand for five years before trial, they made no further effort to use available discovery procedure[1] to acquire the name of the

---

[1] See Pa. R. C. P. 4007(a).

bus driver. The absence of reasonable diligence is apparent. The following language from *Higbee v. Koziol*, 383 Pa. 116, 119, 117 A. 2d 707, 709 (1955), is appropriate and dispositive of this phase of the appeal: "The grant or refusal of a new trial, because of alleged after-discovered evidence, is discretionary with the trial court, and its decision will not be reversed except for an abuse of discretion which is not here shown to exist."

In the case of Jefferson Salley against Bowie and Shelton the jury failed to bring in a verdict. Jefferson Salley's claim was for his expenses for the injury to his wife, Carrie, and his loss of consortium. Whether he was entitled to recover and the amount of any recovery was a matter for the jury. There was evidence to support the medical expenses and, as of the date of this opinion, a husband is permitted to recover for the loss of his wife's consortium.[2] The court below had no right to take the case from the jury or, as expressed in the opinion, to enter judgment for the defendants. This is not the case of an inconsistent verdict but one in which no verdict was entered. The court without legal grounds withdrew a factual decision from the jury or molded the verdict. However, the rule that a trial court has power to mold a verdict to agree with the obvious intention of the jury has no application here when the intention of the jury was never expressed. See *May v. Pittsburgh Rys.*, 209 Pa. Superior Ct. 126, 129, 224 A. 2d 770, 772 (1966).

---

[2] See *Bedillion v. Frazee*, 408 Pa. 281, 183 A. 2d 341 (1962), and *Castelli v. Pittsburgh Rys.*, 413 Pa. 17, 195 A. 2d 794 (1963), where the husband's right is recognized but apparently hangs by a slender thread, as witness the concurring opinion of three justices in *Castelli*. Also see the concurring and dissenting opinion in *Brown v. Glenside Lumber & Coal Co.*, 429 Pa. 601, 240 A. 2d 822 (1968).

We feel compelled to grant a new trial in the case of Jefferson Salley's estate against Alford Shelton and Raymond Bowie, additional defendant, but will limit the trial to damages. As we pointed out in *Rosen v. Slough*, 212 Pa. Superior Ct. 398, 242 A. 2d 898 (1968), a new trial limited to damages is proper when the question of liability has been fairly determined and defendant makes no complaint in respect thereto. In this case the issue of liability was fairly determined. While Raymond Bowie as defendant may argue that he does complain on the question of liability, that complaint is limited to the refusal of a new trial to introduce after-discovered evidence, a refusal which we affirm. He makes no complaint in respect to liability as it was presented at the trial and this is a proper case for a limited new trial.

All judgments of the court below are affirmed except in the case of Carrie Salley, Administratrix of the Estate of Jefferson Salley versus Alford Shelton, defendant and Raymond Bowie, additional defendant, in which a new trial is granted limited to the issue of damages.