Gallagher, Appellant, *v.* Four Winds Motel-Hotel et al.

2

Argued March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Roger L. Mutzel,* with him *Kassab, Cherry and Archbold,* for appellant.

*William D. March,* with him *Scallan, March, Berman and Del Fra,* for appellees.

OPINION BY WATKINS, P.J., March 31, 1975:

This is an appeal from the Court of Common Pleas of Delaware County, Civil Division, in an action for Wrongful Death and a Survival Action brought by the plaintiff-appellant, Joseph E. Gallagher, Jr., against Al Nero and Rose Nero, owners of the Four Winds Motel-Hotel. The jury returned a verdict in favor of the appellant in the amount of $1,995.00 under the Wrongful Death action and in favor of the appellees under the Survival action. The appellant filed a motion for a new trial on damages alone which was denied by the Court en banc. This appeal followed seeking a new trial for damages only.

The facts giving rise to this action occurred on December 20, 1968. On that date, Joseph E. Gallagher, Jr., who was then 21 years of age, quit work about 3:00 P.M. after he and his father, by whom he was employed as a bricklayer, finished a job. The father and son stopped off at a tavern on their way home from work where they enjoyed a few drinks. The father left the establishment about an hour later while the son remained at the tavern. Joseph E. Gallagher, Jr. then frequented another drinking establishment in the company of his cousin, Richard Gallagher, before returning to his parents' home where he lived. The son and his cousin reached his parents' home somewhere in the vicinity of 10:30 P.M. that evening. Richard Gallagher had to drive his cousin home as, by this time, Joseph was intoxicated. When he returned home both Richard and his father admonished Joseph to remain at home because he was obviously intoxicated. However, the son went upstairs; showered, shaved and got dressed and insisted on going to the Four Winds to get some clams. Richard accompanied him on this trip.

At the Four Winds, Joseph ordered clams and had two drinks. While there, he saw one Nelson Feliciano with whom he had had some trouble in the past. A fight ensued between these two individuals resulting in both men confronting each other on the parking lot of the establish-

ment. Richard Gallagher and others had tried to break up the fight which was provoked by Joseph Gallagher. As Richard was physically removing Joseph from the scene, Joseph broke away from him and went after Feliciano who had already been badly beaten by Joseph. Feliciano pulled a knife and stabbed Joseph in the chest. Richard tried to summon a doctor but Joseph indicated that he desired to go back into the establishment whereupon he and Richard did so. As they got inside the door, Joseph was asked how he felt and he replied that he was "all right". Seconds later he fell over dead.

Joseph E. Gallagher, Sr., representing his son's estate, brought this action against the Neros on the grounds that they were negligent in serving a visibly intoxicated person. At trial, the decedent's father testified that his son's wages were $3.25 per hour. He worked a 40-hour week and worked 50 weeks per year. He also testified that his son spent $55.00 for food, clothes and entertainment and had no other expenses of which he knew. The decedent was separated from his wife and it was not known whether he was paying her any support. An actuary testified that the decedent's future earnings, reduced to present worth, would amount to $97,890 from the date of trial if based on the rate of $3.25 per hour. However, the decedent's father testified that as of the date of trial the wages being paid to persons doing the same work as his son amount to $5.00 per hour. At that rate, his future earnings, reduced to present worth, would be $150,600. Since 4 years had elapsed from the time of decedent's death to the time of trial, there was also the additional amount of $26,000 which the decedent may have earned had he lived. Upon cross-examination, the actuary admitted that these figures did not take into account decedent's taxes, his social security deductions, and his cost of personal maintenance.

The appellant claims that the amount of damages awarded by the jury was inadequate in light of this testi-

mony and that a new trial should be granted on the issue of damages alone. He also complains that an alleged improper remark made by defense counsel in his summation to the jury prejudiced the jury and constitutes grounds for a new trial. The alleged remark was to the effect that if the jury returned a verdict against the defendants that it would wipe out their life savings. Curiously, this remark does not appear on the record. However, the record does contain a reference to the remark in an on-the-record discussion involving appellant's counsel, defense counsel, and the court. It appears that appellant's counsel did object to the remark when it was made and the objection was sustained by the court. However, appellant's counsel did not at that time move for the withdrawal of a juror but later requested the court to address itself to the remark in its charge to the jury. This the court refused to do stating that in its opinion such a charge would merely serve the purpose of refreshing the remark in the minds of the jurors. The court declined to give such a charge and specifically stated that such was the reason for its decision. Since appellant's counsel did not move for the withdrawal of a juror at the appropriate time we do not feel that appellant should be able to do so now after the verdict is in.

In determining whether the court below should have granted appellant's motion for a new trial on the issue of damages alone, we must begin with the premise that the grant or refusal of a new trial for inadequacy of the verdict is a matter for the discretion of the trial court and the reviewing court should not interfere with the discretion unless it is clear that the lower court abused its discretion. *Bowie v. Shelton,* 214 Pa. Superior Ct. 107, 251 A.2d 667 (1969) ; *Padula v. Godshalk,* 192 Pa. Superior Ct. 618, 161 A.2d 919 (1960). The power to grant a new trial on the issue of damages alone should be exercised cautiously and should be granted only in cases where the issue of liability has been so conclusively and definitely

settled that reasonable men could not be expected to arrive at a different conclusion. *Berkeihiser v. DiBartolomeo,* 413 Pa. 158, 196 A.2d 314 (1964) ; *Caine v. Collins,* 194 Pa. Superior Ct. 230, 166 A.2d 675 (1960). In the instant case we hold that the trial court did not abuse its discretion in refusing to grant a new trial solely on the issue of damages. Although the plaintiff presented evidence that the decedent was earning $3.25 per hour at the time of his death there was testimony that he was spending at least $55.00 per week on himself. There was no testimony produced at trial to the effect that the decedent had ever saved any amounts which he had earned. It should also be noted that the decedent's estate's representative and his employer were one and the same person, his father, and that his father failed to introduce any records of his son's wages and deductions even though he had been asked to do so by the defendants. Although an actuary testified that the decedent's future earnings reduced to present worth would amount to between $97,890 and $150,600, depending on whether the rate of $3.25 or $5.00 per hour was used, he admitted on cross-examination that these figures did not reflect deductions from the decedent's salary for social security or federal, state and local taxes. Nor was his cost of personal maintenance computed into figures. For all of these reasons we feel that the jury was entirely justified in failing to award decedent's estate anything for loss of future wages.

Regarding pain and suffering it is a matter of judgment as to what will fairly compensate a plaintiff, or as in this case the plaintiff's estate, for the pain and suffering endured. *Massman v. City of Phila.,* 430 Pa. 99, 241 A.2d 921 (1968). A failure to award any amount for pain and suffering is a strong indication that the verdict was inadequate. However, in this case the jury was justified in awarding nothing for pain and suffering because the decedent was intoxicated when stabbed, died within a few moments of the stabbing, and uttered the words that he

was "all right" immediately before expiring. Thus, the jury's failure to award anything for pain and suffering is supported by the evidence and does not constitute a ground for a reversal because the damages were inadequate.

Finally, we must recognize that jury verdicts are the result of compromise and common sense. In cases where the evidence of a defendant's negligence is slight the jury will often be inclined to be moderate in its award. Also where there are substantial questions of a plaintiff's contributory negligence the jury will often be inclined to take such factors into consideration and render its verdict on the amount of damages accordingly. A cursory glance at the facts in the instant case reveals that such issues were certainly a part of this situation. The decedent was the aggressor in the altercation that took place. The defendants' negligence consisted more of passive inaction rather than active negligence. Although the decedent had been served drinks in an intoxicated state, he had showered and dressed up before he went to the Four Winds Motel and quite possibly the jury could have been influenced by that fact to believe that the decedent's intoxicated condition was not evident to the defendants. In any event, the record reveals numerous justifiable reasons for the jury's verdict and under these circumstances we can find no abuse of discretion in the trial court's refusal to grant a new trial limited solely to the issue of damages.

Judgment of the court below is affirmed.