527 A.2d 1115

In the Matter of: Condemnation by Indiana Township of Certain Property Located in Indiana Township, Allegheny County, Pennsylvania, Being Property Now or Formerly Owned by: John Cook, Edwin D. Shaffer and Oscar A. Masci, or any other persons found to have an interest in the property. John Cook, Edwin D. Shaffer and Oscar A. Masci, Appellants.

Argued May 19, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*John G. Arch,* for appellants.

*Ira Weiss, Gross and Weiss,* for appellee.

OPINION BY SENIOR JUDGE NARICK, July 1, 1987:

This is an appeal from an order of the Court of Common Pleas of Allegheny County which granted a new trial to Indiana Township (Township). Appellants are John Cook, Edwin D. Shaffer and Oscar Masci. We affirm.

The Township condemned certain property owned by Appellants. The property had previously been owned by the Fox Chapel School District which declared it surplus. Sealed bids were accepted and Appellants were the successful bidders, offering a bid price of $35,000. Approximately one year later, the Township condemned a portion of Appellants' property for use as a public park and paid estimated just compensation of $20,800 to Appellants.

Both parties offered the testimony of an expert real estate appraiser. Appellants' expert, Patrick A. McGrath, Jr. (McGrath), testified that the before value of the property was $120,000, and that the after value of the property was $42,000, making the damages $78,000. The Township's expert, William Yoder (Yoder), testified that the before value of the property was $35,000 and that the after value of the property was $14,000, making the damages $21,000. The jury rendered a verdict in the amount of $60,000 and the trial court molded this verdict to reflect the estimated just compensation previously paid to Appellants, and delay damages. The molded verdict was for $39,200 with delay damages being assessed at a 6% rate of interest from December 29, 1982 to the date of payment.

Shortly thereafter, the Township filed a motion for new trial based on the fact that evidence discovered after trial revealed that McGrath, Appellants' expert witness, was not a licensed broker, and thus had deliberately perjured himself at trial by testifying that he was a licensed broker and had been a licensed broker since April of 1954.

Our scope of review regarding the trial court's grant of a new trial on the basis of after-discovered evidence is whether the court committed an abuse of discretion or an error of law which controlled the outcome of the case. *Commonwealth ex rel. Meyers v. Stern,* 509 Pa.

260, 501 A.2d 1380 (1985). In conducting this review, there is a presumption that the trial court was justified in granting the new trial. *Bellettiere v. City of Philadelphia,* 367 Pa. 638, 81 A.2d 857 (1951).

It is long settled that a petition to re-open judgment or for a new trial, on the basis of after-discovered evidence, will only be granted where that evidence: (1) is new; (2) could not have been obtained at trial in the exercise of due diligence; (3) is relevant and non-cumulative; (4) is not for the purposes of impeachment; (5) and must be likely to compel a different result. *Township of Perkiomen v. Mest,* 92 Pa. Commonwealth Ct. 307, 313, 499 A.2d 706, 709 (1985), reversed on other grounds, 513 Pa. 598, 522 A.2d 516 (1987); *Lazarus v. Goodman,* 412 Pa. 442, 195 A.2d 90 (1963); *Brannagan et ux. v. Great Atlantic & Pacific Tea Co.,* 352 Pa. 18, 41 A.2d 869 (1945); *Hydro-Flex, Inc. v. Alter Bolt Co., Inc.,* 223 Pa. Superior Ct. 228, 296 A.2d 874 (1972); *Bowie v. Shelton,* 214 Pa. Superior Ct. 107, 251 A.2d 667 (1969); *Also see Meyers.*

On appeal, Appellants contend that the trial court committed an abuse of discretion in granting a new trial because the only element of the above mentioned test met by the Township is that the evidence is new, and in support of their position rely on *Meyers.* We disagree, and note that *Meyers* is distinguishable from the case at bar. In *Meyers,* the appellant completely denied that he made any statement after the trial perjuring himself. Conversely, in the case at hand, there is clear and positive proof that Appellants' expert committed perjury at trial when he testified he was a licensed real estate broker.

Furthermore, it is well-established that credibility determinations are within the sole discretion of the trial court and when the trial court concludes that a perjury has been committed it is within the court's discretion to

grant a new trial. *See Kvaternik v. Yochim,* 360 Pa. 387, 61 A.2d 815 (1948); *Blake v. Marinelli,* 357 Pa. 314, 53 A.2d 550 (1947); *McCabe v. Pennsylvania Railroad Co.,* 311 Pa. 229, 166 A. 843 (1933); *Candelore v. Glauser,* 291 Pa. 582, 140 A. 525 (1928) and *Crouse v. Volas,* 117 Pa. Superior Ct. 532, 178 A. 414 (1935). In each of these cases uncontroverted proof existed that a perjury had been committed regarding a relevant and material matter. However, *also see Township of Perkiomen.* Hence, the law is clear that a request for new trial on the basis of after-discovered perjured testimony will be granted where the court determines a fraud has been perpetrated upon the court regarding a matter which is relevant and material to a case.

Thus, turning to the elements which must be met before a new trial based on after-discovered evidence will be granted, we conclude that the Township has satisfied the requirements for a new trial. With respect to the second element that the evidence could not have been obtained at trial in the exercise of due diligence, we quote from the opinion of the learned trial judge wherein he indicated "[t]he witness involved [Appellants' expert] is well known to the Court and to members of the bar as a professional real estate appraiser and broker who has testified in literally hundreds of eminent domain and tax assessment cases in this and other courts" and "no one had any reason to suspect that his credentials were in any way flawed." Moreover, Black's Law Dictionary, 411 (5th ed. 1979) defines "due diligence" as "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case." In the present matter, although we recognize that the Township could have discovered that

Appellants' expert was not a licensed broker, under the circumstances it was reasonable for the Township to have relied on McGrath's assertions that he was a licensed broker. To require more from the Township would, under the circumstances, be imposing upon the Township a higher than due diligence standard.

Regarding the last three elements of the test for new trial based on after-discovered evidence, it is clear that the after-discovered evidence went to the heart of Appellants' case. McGrath testified that based on his professional opinion the damages incurred by Appellants were $78,000, while the Township's expert testified that the damages incurred by Appellants were only $21,000. The jury returned with a verdict for Appellants in the amount of $60,000. Thus, the trial court did not commit an abuse of discretion when it concluded that McGrath's testimony strongly influenced the jury and if the jury had known that McGrath was not a licensed broker they might have attached less weight to his opinion.

Accordingly, the order of the Court of Common Pleas of Allegheny County is affirmed.

## ORDER

AND NOW, this 1st day of July, 1987, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.