Schauer *v.* Whitehall Borough, Appellant.

Argued October 9, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused December 18, 1963.

*Loyal H. Gregg,* Borough Solicitor, for appellant.

*Thomas P. Shearer,* with him *Peter F. Flaherty,* for appellee.

OPINION PER CURIAM, November 12, 1963:

This appeal is from the order of the court below compelling the Borough of Whitehall to restore appellee Schauer to the office of chief of police.

Willard Schauer was appointed chief of police of Whitehall in 1953. In 1959 he was discharged by the borough council. This Court, affirming a determination of the County Court of Allegheny County that

Schauer's dismissal had been improper, ordered his reinstatement. *Schauer Dismissal Case,* 401 Pa. 486, 165 A. 2d 26 (1960). While the appeal from Schauer's dismissal was pending in the county court, the borough council passed an ordinance abolishing the office of chief of police. When appellee in pursuance of our decision in his first appeal notified the borough council that he was ready and willing to assume his former position, the borough council refused his reinstatement relying upon this ordinance. Schauer thereupon brought this action of mandamus to compel his reinstatement with back pay. The court below ruled in his favor and the borough appealed.

While it is true that a municipality may abolish the office of chief of police and a presumption arises that the municipal officers have acted properly in so doing, where there is affirmative evidence of bad faith on the part of the municipality, a court is justified in disregarding such legislation. *Mamallis v. Millbourne Borough,* 401 Pa. 375, 378, 164 A. 2d 209, 211 (1960).

There is ample evidence in the record to justify the lower court's finding that the adoption of the ordinance in question was other than a good faith attempt to promote economy and efficiency in the operation of the Whitehall police department. Lending credence to this finding is the fact that the action of the borough council was concurrent with pending litigation challenging the right of the borough council to dismiss Schauer from the same office in the first instance. An inference could properly be drawn that the passage of the ordinance under these circumstances was a subterfuge with the purpose of hedging against the possibility of a court ruling that the original dismissal was wrongful.

Turning to the question of damages, the court below included in appellee's recovery an item consisting of losses sustained in operation of a gasoline station.

We fail to see how losses incurred in an independent business venture had any connection with the damages sustained as a result of the dismissal. Hence, the lower court erred in including this item in its computation of damages. We therefore remand the record to the court below with directions to modify accordingly the award of back salary. As so modified, the order is affirmed.

Order affirmed as modified with costs to appellant.