Daniel Blystone, Robert P. Funk and William Walters, Jr., Appellants, *v.* Borough of Forest Hills, Appellee.

Argued October 29, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ronald P. Koerner*, with him *Gatz, Cohen, Segal & Koerner*, for appellants.

*Arthur J. Murphy, Jr.*, with him *Meyer, Darragh, Buckler, Bebenek & Eck*, for appellee.

OPINION BY JUDGE MENCER, December 17, 1975:

This appeal is from an order of the Court of Common Pleas of Allegheny County which dismissed a complaint in mandamus seeking a summary judgment against the Borough of Forest Hills requiring it to reinstate the three individual plaintiffs, who are appellants here, to employment with full pay and benefits.

We have studied the record and considered the contentions made by the parties and conclude that the trial court made the correct ruling in this case. Further, we are convinced that the right reasons for the trial court's decision were adequately set forth in its opinion. Therefore, we affirm the trial court's order on the pertinent portion of Judge SMITH's opinion, which reads as follows:

"The plaintiffs were employed by the Borough as fire apparatus operators and as such enjoyed civil service protection. As the voluntary fire department grew and extended and expanded its services to the community it took over the job of and provided men to perform the

duties of fire apparatus operators. This along with the fact that the building in which the fire apparatus was housed was no longer a part of the municipal building led the Borough to conclude that it was no longer necessary to maintain full-time paid fire apparatus operators. Plaintiffs who performed many other duties when they were not actively engaged in operating fire apparatus were asked by the then mayor of the Borough if they would like to perform the duties of police officers. They agreed and for a period of time undertook the duties of Borough police officers. Some years later it came to the attention of the Borough officials that the plaintiffs had failed to take the necessary civil service examination required by the law for police officers. They were given an opportunity to take an oral noncompetitive civil service examination for the police department but they refused to do so. The Borough then dismissed the plaintiffs and they appealed this dismissal to the Civil Service Commission.

"On October 8, 1973 the Civil Service Commission issued an order requiring the Borough to reinstate the plaintiffs with pay. While the order did not contain the basis for the decision, the only civil service status that the plaintiffs enjoyed with the Borough was that of fire apparatus operators. It should be noted that at no time did the Borough ever formally abolish the position of fire apparatus operator as contemplated under the law.

"Subsequent to the Civil Service Commission's order the Borough reinstated the plaintiffs and offered them back pay which the plaintiffs refused. The Borough then formally passed an ordinance abolishing the fire department and furloughed the plaintiffs.

"Plaintiffs now contend that this Court should issue a writ of mandamus requiring the Borough to reinstate them as employees. With this contention we do not agree!

"In the case of Nicolella v. Trinity Area School District School Board, 444 Pa. 544 (1971), the Supreme

398

Court of Pennsylvania held that mandamus is an extraordinary writ which issues to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. Moreover, it held that in such a proceeding the Court cannot compel one who is vested with discretionary powers to perform it in any particular manner and that it cannot interfere with or control a public official's discretion or judgment. See also Valley Forge Racing Association, Inc. v. State Horse Racing Commission, 449 Pa. 292 (1972); Morgan v. Bucher, 442 Pa. 498 (1971); and Martin, et ux v. Garnet Valley School District, 441 Pa. 502 (1971).

"In the instant case it is clear that in accordance with the order of the Civil Service Commission the plaintiffs were entitled to reinstatement with pay. This the Borough offered them and this the plaintiffs refused. Subsequent to compliance by the Borough with the Civil Service Commission's order, the Borough in an exercise of its discretion decided to abolish the positions of paid fire apparatus operators and to abolish the Borough fire department. This the Borough officials did in what we conclude to be a good faith exercise of their discretion[1] and [such action] was legal in accordance with the then existing law.

"We conclude by holding that the plaintiffs do not have a clear right to a writ of mandamus and for this reason we will enter an Order dismissing their complaint." (Footnote added.)

Order affirmed.

---

1. This finding by the trial court, which is supported by substantial evidence in the record, is what distinguishes this case from *Schauer v. Whitehall Borough*, 413 Pa. 6, 194 A.2d 318 (1963).