## Mead v. Holter

*Susquehanna Legal Services,* for plaintiff.
*Gailey C. Keller,* for defendant.

MYERS, *P.J.,* May 20, 1977—This dispute concerns a judgment entered by a district justice who is defendant herein, in a matter involving plaintiff and a third party. Initially, the district justice entered judgment in favor of plaintiff and against the third party. Six days later, however, the district justice issued a new decision dismissing the case without prejudice.

Plaintiff demanded that the initial judgment in her favor be reinstated and recognized, but the district justice refused. Plaintiff thereupon brought the instant action in mandamus, whereby she requests the court to compel the district justice to enforce the judgment in her favor.

Mandamus is an extraordinary writ which can be issued to compel the performance of a ministerial act or mandatory duty only if the following three conditions are present: (1) a clear legal right in the plaintiff; (2) a corresponding duty in the defendant; and (3) the want of any other appropriate and adequate remedy: Nicolella v. Trinity Area School Distr., 444 Pa. 544, 281 A. 2d 832 (1971); Blystone

v. Borough of Forest Hills, 22 Pa. Commonwealth Ct. 395, 349 A. 2d 494 (1975). In the instant case, the third requisite condition—lack of an appropriate and adequate remedy at law—is missing.

Pa.R.C.P.J.P. 1009(a) specifically authorizes the issuance of a writ of certiorari if the proceedings before the district justice contain ". . . such gross irregularity of procedure as to make the judgment void." Since plaintiff contends that the district justice in this case had no authority to render the second decision, she should have appealed this alleged "procedural irregularity" by filing a writ of certiorari, pursuant to Pa.R.C.P.J.P. 1009(a). Plaintiff did not file such writ.

Plaintiff did have a clear, adequate remedy at law, and therefore is not entitled to mandamus relief under these circumstances.

In short, we will not distort the principles governing mandamus actions simply to accommodate a litigant who failed to meet a deadline for filing an appropriate appeal.

## ORDER

And now, May 20, 1977, the within case is dismissed, with costs to be paid by plaintiff.