Alfred A. Radosti *v.* Township of Lower Makefield, Westley W. Hackman, Jr., Richard D. Hoyt, Lloyd H. Klatzkin, Henry S. Miller, Frederick P. Van Orden and Charles E. Ronaldo, Appellants.

Argued April 7, 1977, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*William J. Carlin,* with him *Begley, Carlin, Mandio, Kelton & Popkin,* for appellants.

*John J. Collins,* for appellee.

OPINION BY JUDGE BLATT, May 25, 1977:

This is an appeal by the Township of Lower Makefield[1] from an order of the Court of Common Pleas of Bucks County which ordered the Township to reinstate Alfred A. Radosti to the rank of detective and reimburse him for lost wages.

Radosti had been a member of the Township's police force and had been assigned to serve in a detective unit. When the Township notified Radosti that he would be returning to regular patrolman duties, he filed an action in mandamus alleging that he had been improperly demoted. The Township defended against this charge on the basis that Radosti had never been promoted, that he had always been a patrolman and that his assignment to a detective unit had been merely a lateral one within the patrolman's rank. Radosti has argued that the status and pay of patrolman and detective are not similar, that he had been promoted to the rank of detective and that he was therefore protected from arbitrary demotion to patrolman by the Police Tenure Act[2] (Act). The lower court

___

[1] Defendants are the Township of Lower Makefield, its Board of Supervisors and the Chief of Police.

[2] Section 2 of the Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §812, commonly known as the Police Tenure Act, provides as follows:

No person employed as a regular full time police officer in any police department of any township of the second

found that a rank of detective existed to which Radosti had been promoted, that the protection of the Act applied to his subsequent demotion and, because the Act's safeguards had not been provided, ordered reinstatement and reimbursement of wages.

It is well established that mandamus is an extraordinary writ which can issue to compel the performance of a ministerial act or a mandatory duty where there is a *clear legal right* in the plaintiff, a corresponding duty in the defendant and a want of any other appropriate and adequate remedy. *Blystone v. Borough of Forest Hills,* 22 Pa. Commonwealth Ct. 395, 349 A.2d 494 (1975). We are concerned here with the issue of whether or not Radosti has shown that he has a clear legal right to the alleged rank of detective.

In *Templeton Appeal,* 399 Pa. 10, 159 A.2d 725 (1960), our Supreme Court stated that if the appellant there enjoyed a legal right to the office of policeman or to the office of chief of police, he was entitled to the protection of the Police Tenure Act.

However, to establish his legal right to the position involved he had the burden of proving the legality of his appointment thereto. Upon

---

class, or any borough or township of the first class within the scope of this act, with the exception of policemen appointed for a probationary period of one year or less, shall be suspended, removed or reduced in rank except for the following reasons: (1) physical or mental disability affecting his ability to continue in service, in which case the person shall receive an honorable discharge from service; (2) neglect or violation of any official duty; (3) violating of any law which provides that such violation constitutes a misdemeanor or felony; (4) inefficiency, neglect, intemperance, disobedience of orders, or conduct unbecoming an officer; (5) intoxication while on duty. A person so employed shall not be removed for religious, racial or political reasons. A written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed.

him rested the responsibility of establishing his title de jure to the position he claimed the legal right to hold. Permanency of tenure, given by the Act of 1951, applies only to those whose appointments are made in compliance with law: Manning v. Millbourne Borough Civil Service Commission, 387 Pa. 176, 127 A.2d 599 (1956). *Templeton Appeal,* 399 Pa. at 13, 159 A.2d at 727-728. Because the borough records in *Templeton* failed to show an official creation of a police department, the court held that the appellant did not have a legal right to the position there involved.

In this case it is clear that the Township has legally provided for only four ranks within its police department: patrolman, corporal, sergeant, and chief of police. Absent proof that the rank of detective was legally created, Radosti has no legal right to either the alleged rank of detective or to the protections of the Act, *Templeton Appeal, supra,* and relief in mandamus is clearly inappropriate.

Radosti has argued that the Township has informally created the rank of detective, and that such a rank exists as evidenced by the job specifications of a detective as compared with those of a policeman.[3] We note, however, that the slightly higher salaries[4] paid to detectives appear only in the collective bargaining agreements entered into by the Township and

---

[3] The lower court found that

the detectives received a higher rate of compensation than uniformed patrolmen, that they had distinctive badges, that they performed a different type of duty than they did while patrolmen, that they were on call around the clock on a different basis than were patrolmen, and that according to police department protocol, they were addressed by other officers as 'Detective So and So.'

[4] The salary differentials between patrolmen and detective contained in the two collective bargaining agreements included in the record were about 3%.

these differences are readily attributable to the fact that patrolmen performing as detectives are on call twenty-four hours each day. It is also relevant here to note that the Township's description of the job of *patrolman* includes criminal investigation on an assigned tour of duty (investigating misdemeanors and felonies, and apprehending and arresting suspects).

We, therefore, reverse the order of the lower court.

ORDER

AND Now, this 25th day of May, 1977, the order of the Court of Common Pleas of Bucks County dated May 17, 1976, which ordered the reinstatement of, and the reimbursement of lost wages to, Alfred A. Radosti, is hereby reversed.

