The Township of Perkiomen et al., Appellants *v.*
C. Roy Mest et al., Appellees.

308

Argued June 7, 1985, before Judges Doyle and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Sean P. Flynn*, with him, *Thomas E. Waters, Waters, Gallager & Trachtman*, for appellants.

*James R. Caiola*, with him, *Thomas L. Gowen, Caiola, Caiola & Gowen*, for appellee, C. Roy Mest.

*Leigh P. Narducci, Anderson, Narducci & Sullivan*, for appellees, Lawrence T. Zimmerman, Shane T. Clark and William Patterson, Jr.

Opinion by Judge Palladino, October 18, 1985:

This is an appeal by the Township of Perkiomen (Township) and the Township's Board of Supervisors (Supervisors) (collectively, Appellants) from an order of the Court of Common Pleas of Montgomery County (trial court) which ordered Appellants to reestablish the Township police department and to reinstate C. Roy Mest, Lawrence T. Zimmerman, Shane T. Clark and William Patterson, Jr. (Appellees) to their

positions as police officers with back pay from January 1, 1983. We affirm.

On November 7, 1982 the Township Supervisors, by a 4-1 vote, adopted a resolution that disbanded the Township police department as of midnight December 31, 1982 "due to fiscal constraints." The police force consisted of the four named Appellees: Mest, the chief of police; Zimmerman, a sergeant; Clark, a patrolman; and Patterson, a part-time officer. Appellees were officially notified of the resolution by certified mail on December 10, 1982. On January 5, 1983 Appellees filed a complaint in mandamus which alleged that the resolution was adopted by the Supervisors in bad faith and which sought the re-establishment of the police department, reinstatement to their positions and back pay.

The trial court held hearings on February 24 and 25, 1983, at which Appellees presented evidence in support of their position that the Supervisors' motive in disbanding the police force was to accomplish the removal of Chief Mest without complying with the provisions of the Police Tenure Act[1] and that the official reason given for the action, fiscal constraints, was not based on fact. The evidence presented by Appellees indicated that the Supervisors were dissatisfied with Chief Mest because of various incidents. Supervisor Olson was angry over a January, 1979 incident when a meeting between the police and the Supervisors had been taped and she considered Chief Mest to be responsible. Supervisor Kratz had expressed dissatisfaction with Chief Mest on several occasions. In February of 1982 Kratz told Officers Zimmerman and Clark that if they found any information to use against Chief Mest they should inform

---

[1] Act of June 5, 1941, P.L. 84, *as amended*, 53 P.S. §§812-813.

him. In October of 1982, Kratz told the same officers that: "They could not have another year with Chief Mest"; and "If they could not get rid of him personally, it was a lot easier to do away with the entire department than it was to do away with the chief."

In July of 1982 the Supervisors had commissioned a study of the Township police department. The study was delivered on November 9, 1982, the day the resolution was adopted, and recommended that the department needed "considerable overhauling." The study suggested four alternate means of remedying the departmental inefficiencies, which ranged from a total reorganization to abolishing the department and utilizing the services of the state police. Prior to receiving the study, however, the Supervisors had requested the services of the state police by letter dated November 1, 1982.

In an effort to prove that the budgetary considerations offered by the Supervisors as the reason for the resolution were pretextual, Appellees presented the testimony of the Township's accountant. The trial court found that this evidence tended to prove that, if the Township had not abolished the police department, it "probably would [have] remained liquid."

On October 26, 1983 the trial court issued an adjudication and order which dismissed the complaint and gave the parties ten days to file exceptions. On November 4, 1983 Appellees filed exceptions and a petition to reopen the hearing based upon after-discovered evidence. The petition to reopen alleged that one of the Supervisors, George Dresing, who had not testified in February, would now testify that at a non-public meeting of the Supervisors a decision was made to disband the police force for the purpose of removing Chief Mest. The petition also alleged

that Dresing had not revealed this information in his pre-trial deposition and, therefore, the evidence had not been available to Appellees.

On January 4, 1984, the trial court withdrew its adjudication and order of October 26, 1983 and the hearing was reopened. Dresing testified that in early fall of 1982 a private meeting of the Supervisors and the Township's solicitor was held at which the Supervisors discussed various means to remove Chief Mest. Upon recommendation of the Township solicitor, the Supervisors decided to remove Chief Mest by abolishing the police department on the pretext of budgetary reasons. The other Supervisors and the Township solicitor denied that such a meeting took place.

On May 21, 1984, the trial court entered a second adjudication and order which found for Appellees and directed the Township to re-establish the department and to reinstate the police officers to their respective positions with back pay from January 1, 1983. The Township has appealed from this order asserting that: 1) an action in mandamus is not appropriate because the Police Tenure Act provides Appellees an adequate remedy at law; 2) the trial court committed error in reopening the hearing; and 3) the evidence is not sufficient to support the trial court's finding that the resolution abolishing the police department was adopted in bad faith.

Mandamus is an extraordinary remedy which will only issue to compel the performance of a ministerial act or a mandatory duty where the Petitioner has a clear legal right, the respondent has a corresponding duty and there is no other appropriate and adequate remedy. *Rizzo v. Schmanek*, 63 Pa. Commonwealth Ct. 547, 439 A.2d 1296 (1981). The decision whether to issue an order in mandamus is within the discretion of the trial court and this Court's scope of review

is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Id.*

An action in mandamus is now recognized as the proper method to challenge the abolition of the position of police chief and to compel a municipality to reinstate the discharged officer. *Schauer v. Whitehall Borough,* 413 Pa. 6, 194 A.2d 318 (1963); *Borough of Canonsburg v. Flood,* 36 Pa. Commonwealth Ct. 81, 387 A.2d 951 (1978). The Police Tenure Act does not apply to the abolishment of an entire police department by legislative action. *Myers Appeal,* 33 Pa. Commonwealth Ct. 430, 382 A.2d 145 (1978). In *Schauer,* the Supreme Court of Pennsylvania affirmed a trial court's writ of mandamus which ordered Whitehall borough to re-establish the office of police chief and reinstate Schauer to that position, stating:

> While it is true that a municipality may abolish the office of Chief of Police and a presumption arises that the municipal officers have acted properly in so doing, where there is affirmative evidence of bad faith on the part of the municipality, a court is justified in disregarding such legislation.

413 Pa. at 8, 194 A.2d at 318 (citation omitted).[2]

We must now turn our attention to the question of whether Appellees met their burden of proving bad faith on the part of the Supervisors in abolishing the police department. In so doing, we must first address

---

[2] Appellants argue that a court is without authority to order a municipal legislative body to reinstate a police department because such an order would constitute an interference by the judiciary in the legislative function. This argument is without merit. The authority of the judiciary to invalidate an ordinance or resolution of a municipality is well recognized. *See, e.g., Schauer v. Whitehall,* 413 Pa. 6, 194 A.2d 318 (1963); *Borough of Canonsburg v. Flood,* 36 Pa. Commonwealth Ct. 81, 387 A.2d 951 (1978).

the issue of whether the trial court erred in reopening the hearing to take additional evidence. A petition to reopen a case or to grant a new trial in order to receive after-discovered evidence should be granted "where that evidence 1) is new; 2) could have been obtained at trial in the exercise of due diligence; 3) is relevant and non-cumulative; 4) is not for the purposes of impeachment; 5) and must be likely to compel a different result." *Hydro-Flex, Inc. v. Alter Bolt Company, Inc.,* 223 Pa. Superior Ct. 228, 232, 296 A.2d 874, 877 (1972). This standard has been met in the case at bar.

Appellants argue that the after-discovered evidence, that is, the testimony of George Dresing, was simply the recanting of the statements he made during his pre-trial deposition, and therefore was not sufficient grounds to reopen the hearing. We disagree. The case relied upon by Appellants, *R & S Millwork, Inc. v. Department of Transportation,* 42 Pa. Commonwealth Ct. 624, 401 A.2d 587 (1979), is clearly distinguishable from the case at bar. In *Millwork,* the Court held that because the concealed evidence would be offered for purposes of impeachment only, it did not constitute sufficient grounds to grant a new trial. *Id.* at 628, 401 A.2d at 589. In the case at bar, however, the concealed testimony went to the heart of Appellees' case, it was neither cumulative nor offered for purposes of impeachment.

Additionally, Appellees had extensively deposed Dresing prior to trial in an attempt to discover the testimony which was revealed to them after the trial. Thus, they did exercise due diligence in trying to obtain the information. Finally, the grant or denial of a petition to reopen a hearing, like a motion for a new trial, is within the sound discretion of the trial court and will not be reversed on appeal unless there has

been a clear abuse of discretion. *Freed v. Priore,* 247 Pa. Superior Ct. 418, 372 A.2d 895 (1977). Because we find no abuse of discretion on the part of the trial court we uphold that court's decision to reopen the hearing.[3]

Finally, Appellants contend that the testimony of George Dresing was not credible and, therefore, is not sufficient to support the issuance of an extraordinary writ of mandamus.[4] As the Pennsylvania Supreme Court stated in *Mamallis v. Borough of Millbourne,* 401 Pa. 375, 164 A.2d 209 (1960):

It is not for this Court, by studying isolated, cold words of a printed record, to believe certain witnesses and to disbelieve others. The matter of credibility is for the trial court. The discretion possessed by that court in this matter is particularly broad because his is the best opportunity to observe the demeanor of the witness called before him.

---

[3] Appellees also argue that the trial court erred in reopening the hearing because the procedural rules in effect at that time did not permit a motion for a new trial in a mandamus action tried without a jury. *See* Pa. R.C.P. Nos. 1038, 1099. We must reject this argument. Initially we note that the trial court did not order a new trial, rather it ordered that the hearing be reopened. Furthermore, Pa. R.C.P. No. 227.1, which became effective on January 1, 1984, authorizes a trial court to order any appropriate post-trial relief. The trial court's January 4, 1984 order which reopened the hearing was, therefore, within its authority.

[4] Appellants also argue that any evidence regarding the motives of the Supervisors in abolishing the police department is irrelevant. *See Carey v. City of Altoona,* 339 Pa. 541, 543-44, 16 A.2d 1, 2 (1940). In *Carey* the Pennsylvania Supreme Court stated that the judiciary will not pry into legislative motives for adopting a resolution to abolish the office of chief of police. The Pennsylvania Supreme Court has, however, changed its thinking. In *Schauer* the Court acknowledged that improper motives for adopting a similar resolution constituted bad faith which justified invalidating the resolution and reinstating the police chief.

*Id.* at 380, 164 A.2d at 211-12.

In the case at bar, the trial court made a specific finding that George Dresing's testimony was credible and set forth its reasons for so finding. We will not reverse this credibility determination on appeal. Our thorough review of the record leads us to conclude that Dresing's testimony, considered in conjunction with the other testimony presented, constitutes sufficient evidence to support the trial court's findings.

Because we conclude that the trial court has not abused its discretion or committed an error of law, we affirm.

### ORDER

AND Now, October 18, 1985, the order of the Court of Common Pleas, at No. 82-19552, dated May 21, 1984, is affirmed.