JEFFERSON COUNTY, a political subdivision of the Commonwealth of Pennsylvania, Petitioner,

v.

The COURT OF COMMON PLEAS OF JEFFERSON COUNTY, Pennsylvania, the 54 th JUDICIAL DISTRICT, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1999.

Decided Oct. 5, 1999.

Jeffrey Lundy, Punxsutawney, for petitioner.

Maryellen Gallagher, Philadelphia, for respondent.

Anthony T. McBeth, Harrisburg, for intervenor, County Com'rs Ass'n of Pa.

Before COLINS, J., McGINLEY, J., and NARICK, Senior Judge.

COLINS, Judge.

Before this Court are cross-motions for summary judgment filed by the Court of Common Pleas of Jefferson County, 54 th Judicial District, and by Jefferson County and the County Commissioners Association of Pennsylvania (intervenor) for disposition on stipulated facts adopted as the factual findings in this case by order dated April 12, 1999.

This case arises out of a dispute over the disbursement of money from the county's offender supervision fund (Fund), established as mandated by Section 477.20 of the Administrative Code of 1929 (Code), 71 P.S. § 180–7.20.[1] The parties have stipulated that from the time the Fund was established until July 1996, the moneys were disbursed by way of memoranda of understanding between the Court of Com-

---

1. Act of April 9, 1929, P.L. 177, *as amended,* added by Section 4 of the Act of August 14, 1991, P.L. 331, *as amended.* Section 477.20 was repealed by Section 5103 of the Act of November 24, 1998, P.L. 882. A similar provision is now found in Section 1102 of the Crime Victims Act, Act of November 24, 1998, P.L. 882, 18 P.S. § 11.102.

mon Pleas and the Commissioners. Since July 1996, when the Commissioners withheld approval of a memorandum of understanding proposing to disburse funds to pay bonuses to the county's probation and parole officers, the parties have been unable to reach any agreement for the use of the moneys.

Subsequently, when the Commissioners objected to the purchase of an automobile for the county probation office, which purchase the court authorized, the Court of Common Pleas in August 1997 issued an order directing the county treasurer to remove the Fund from the county's general ledger and place it in an independent, interest-bearing account to be administered by the treasurer and controlled exclusively by the court. The Commissioners lodged a written objection to the order, and since the issuance of the August 1997 order, disbursements from the Fund (specifically, the purchase of the automobile) have been directed by the court without the Commissioners' approval.

Jefferson County brought this action seeking a declaration that disbursements from the Fund may not be made without approval of the Commissioners, to enjoin any further disbursements without the Commissioners' approval, to impound the automobile and any other purchases made from the Fund, to order reimbursement of the Fund for amounts disbursed without the Commissioners' approval, and to order the return of the Fund to the county's general ledger.

■ After the pleadings are closed, a party may move for summary judgment as a matter of law when there is no genuine issue of material fact. Pa. R.C.P. No. 1035.2. Summary judgment may be granted only in cases where it is clear and free from doubt that the moving party is entitled to judgment as matter of law. *Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102 (1995). Summary judgment is appro-

priate in an action where the parties are seeking declaratory relief. *Unisys Corporation v. Pennsylvania Life and Health Insurance Guaranty Association,* 667 A.2d 1199 (Pa.Cmwlth.1995), *affirmed,* 546 Pa. 256, 684 A.2d 546 (1996).

Section 477.20(a) of the Code, 71 P.S. § 180–7.20(a), establishes a county offender supervision program and mandates a court-imposed monthly supervision fee, as a condition of supervision, on any offender placed on probation, parole, accelerated rehabilitative disposition, probation without verdict, or intermediate punishment.[2] Fifty percent of the court-imposed fee is deposited in a county offender supervision fund, and fifty percent is deposited into a state offender supervision fund. *Id.* Subsection (e) provides, in pertinent part,

> [T]he county treasurer of each county shall establish and administer a County Offender Supervision Fund consisting of the fees collected pursuant to this section. The county treasurer shall disperse [sic] moneys from this fund only *at the discretion of the president judge of the court of common pleas.* The moneys in this fund shall be used to pay the salaries and employe benefits of all probation and parole personnel employed by the county probation and parole department and the operational expenses of said department. Moneys from the fund shall be used to supplement Federal, State or county appropriations for the county adult probation and parole department.

Section 477.20(e) of the Code, 71 P.S. § 180–7.20(e) (emphasis added).

The Law charges the Pennsylvania Board of Probation and Parole with promulgating regulations for the implementation and administration of the county offender supervision fee program. *Id.* 37 Pa.Code § 68.72, pertaining to "Use of County Offender Supervision Funds," states,

---

**2.** The Law also mandates a monthly supervision fee imposed by the state Board of Proba-

tion and Parole on offenders under its supervision.

Each county shall develop and implement a system by which funds are distributed. Moneys in this fund shall be used to pay the salaries and employe benefits of adult probation and parole personnel employed by the county adult probation and parole department and operational expenses. Moneys shall be used to supplement Federal, State or county appropriations for the county adult probation department to maintain and improve county adult probation services.

First we address the issue of whether the president judge may authorize disbursements from the Fund without the consent or approval of the County Commissioners. The Court of Common Pleas argues that the plain language of the statute supports the president judge's actions and that this Court need not resort to statutory interpretation. It argues that "discretion," undefined in the statute, should be given its common and approved usage, which contemplates the independent exercise of judgment and decision without being stymied by the differences of opinion of others. In the alternative, it argues that the principles of statutory construction compel summary judgment in its favor.

The County and the Commissioners Association argue that the president judge's interpretation of the law is overly broad and fails to consider the mandates of the County Code or the language of the regulations pertaining to disbursement of the Fund. They argue that the court is not authorized to hold title to County property or to require the County to hold property such as an automobile; that the County Code makes the Commissioners the sole contractors for the County and sets forth an extensive purchasing process. They also argue that even though the Fund may be used to supplement probation officers' salaries, only the County Salary Board[3]

can fix salaries for county employees, and neither the Salary Board nor the Commissioners can be compelled to fix salaries in a certain manner.

 After consideration, we agree with the Court of Common Pleas that the Law is clear that disbursements from the fund are to be made only at the discretion of the president judge. The Law imposes no requirement that the president judge and the County Commissioners concur in the disposition of the Fund; the General Assembly could have, but did not, require the approval of the Commissioners as a prerequisite to disbursements from the Fund. The source of the Fund is a court-imposed fee, and the Fund is maintained separate from the County's general funds, although the county treasurer administers it. We disagree with the County's contention that the Fund is County property. The General Assembly created a separate source of moneys, funded by a court-imposed fees, to be used for the benefit of the county adult probation and parole department. The Law clearly states that the Fund shall be used to supplement the County's appropriation for the county adult probation and parole department.

 Finally, we agree with the court's argument that county probation and parole officers require the use of an automobile in the performance of their daily activities, and as such the cost of an automobile should be considered part of the cost of operating the probation and parole department. The County offers no countervailing argument. We are not troubled by the County's concern that the automobile purchased using the Fund's moneys becomes County property.

We do not address the County's contentions that the purchase of the property without the Commissioners' approval violates Section 1801 of The County Code, 16 P.S. § 1801,[4] and that the use of the Fund

---

3. The County's brief states that the Salary Board consists of the Commissioners, the county treasurer, and the president judge of the court of common pleas.

4. Act of August 9, 1955, P.L. 323, *as amended.* Section 1801 provides that the commissioners are the sole contractor for a county.

▮▮▮▮▮▮▮▮▮▮

to provide salary bonuses to county probation and parole officers would require the approval of the County Salary Board.[5] These issues, argued in the County's brief, do not fall within the scope of its petition for review or the relief requested. The petition for review sought, inter alia, a determination that the Court of Common Pleas could not control and direct the use of the Fund without approval, input, or direction of the County Commissioners, an injunction prohibiting further disbursements without such approval, and return of the Fund to the County's general ledger. Furthermore, although the parties have stipulated that the court purchased an automobile without the Commissioners' approval, there is no allegation or stipulated fact to the effect that the court authorized the payment of any compensation or benefits out of the Fund. Accordingly, these issues are not properly before this Court.

Accordingly, summary judgment is granted in favor of the Court of Common Pleas, and the County's motion for summary judgment is denied.

## ORDER

AND NOW, this 5th day of October, 1999, summary judgment in the above-captioned matter is hereby granted in favor of the Court of Common Pleas of Jefferson County, the 54th Judicial District. Jefferson County's motion for summary judgment is denied.

**5.** Section 1820 of the Second Class County Code, Act of July 28, 1953, P.L. 723, 16 P.S. § 4820, provides that the salaries and compensation of all employees paid from the county treasury shall be fixed by the salary board. *See also Zimmerman v. Carter*, 103 Pa.Cmwlth. 389, 520 A.2d 551 (1987) (compensation of employees using Title IV–D funds subject to approval of county salary board).